Gregg S. Garfinkel (State Bar No. 156632)
Amy W. Lewis (State Bar No. 158999)
STONE | ROSENBLATT | CHA, PLC
21550 Oxnard Street, Main Plaza – Suite 200
Woodland Hills, California 91367
Tel:   (818) 999-2232
Fax:  (818) 999-2269
       Email: ggarfinkel@src.law.com/alewis@srclaw.com

Attorneys for Defendants
**VIP TRANSPORT, INC. and
MAYFLOWER TRANSIT, LLC**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT - SAN JOSE BRANCH

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIP TRANSPORT, INC., a corporation; MAYFLOWER TRANSIT, LLC, a foreign corporation; and DOE ONE through DOE TEN,<br><br>Defendants. | Case No.:<br><br>(Santa Clara County Case No.: 108CV108373<br><br>**NOTICE FOR REMOVAL OF ACTION TO FEDERAL COURT AND DECLARATION OF MINDY SANHAMEL IN SUPPORT THEREOF**<br><br>[28 U.S.C. Sections 1331 and 1337] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants, VIP TRANSPORT, INC. and MAYFLOWER TRANSIT, LLC (hereinafter collectively referred to as "Defendants") hereby remove to this Court the state action described herein.

1. On or about March 18, 2008, an action was commenced in the Santa Clara County Superior Court, entitled <u>Sompo Japan Insurance Company of America v. VIP Transport, Inc., et al.</u>, wherein it was assigned Case No. 108CV108373 (hereinafter the "state court action"). A true and correct copy of Plaintiff's Summons and Complaint filed in the state court action is attached hereto as Exhibit "A".

///

2. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1337(a), and is one which may be removed to this court by the Defendants pursuant to the provisions of 28 U.S.C. §1441(b), in that it is a civil action arising under, and pursuant to, a contract for the carriage of goods in interstate commerce. Specifically, the shipment at issue herein originated in California and was to be delivered to Alabama as evidenced by the bill of lading attached to the Declaration of Mindy Sanhamel, attached hereto as Exhibit "B".

3. Plaintiffs cannot avoid removal simply by "artfully pleading" their claims to omit references to preemptive federal law. Notwithstanding the absence of a federal claim on the face of Plaintiff's Complaint, federal law provides that "under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." *Hall v. North American Van Lines, Inc.* 476 F.3d 683, 687 (9th Cir. 2007). Under federal law, Plaintiff's claim of property damage to goods which are the subject of a contract for the carriage of goods in interstate commerce is one of the "extraordinary" situations where even a well-pleaded state law complaint will be found to arise under federal law and subject to removal under the provisions of 28 U.S.C. § 1441. *Id.* at 687.

4. Given that the shipment at issue is governed by the Interstate Commerce Act, the proper construction of the bill of lading is a federal question. (*Chesapeake & Ohio Ry. v. Martin,* 283 U.S. 209, 212 (1931)). The United States Supreme Court has consistently held that an interstate bill of lading is a creature of federal law and must be construed thereunder As noted by the Supreme Court in *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 214 (1985):

///

2

NOTICE FOR REMOVAL OF ACTION TO FEDERAL COURT

> While the nature of the state tort is a matter of law, the question whether the [state] tort is sufficiently independent of federal contract interpretation to avoid preemption is, of course, a question of federal law.

Similarly, the United States Supreme Court held, in *Thurston Motor Lines, Inc. v. Rand, Ltd.,* 460 U.S. 533, 535 (1983):

> As to the interstate shipments . . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligations.

5. The removal of this matter is expressly authorized by the Ninth Circuit Court of Appeals' decision in *Hall v. North American Van Lines, Inc., supra,* 476 F.3d at 683, wherein the Court found that the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. §14706) is the exclusive cause of action for claims alleging delay, loss, failure to deliver or damage to property and that it completely preempts the damage claim asserted in Plaintiff's Complaint for purposes of establishing removal jurisdiction. A similar result was previously reached in the matter of *Coughlin v. United Van Lines, LLC,* 362 F.Supp.2d 1170 (C.D. Cal. 2006). Other aspects of the Court's decision in *Hall, supra,* and *Hughes v. North American Van Lines, Inc.,* 970 F.2d 609, 613 (9th Cir. 1992) will be addressed in Defendants' responsive pleading which will follow soon hereafter.

6. Finally, as the alleged property damage component of Plaintiff's action exceeds $10,0000.00, this action satisfies the jurisdictional minimum contained in 28 U.S.C. §1445(b). (See Paragraph 7 of Plaintiff's Complaint wherein damages of $248,148 are alleged.)

7. Defendants received service of Plaintiff's state court action or on about March 19, 2008 (Mayflower) and March 20, 2008 (VIP), respectively.

///

8. This office represents all named Defendants in this matter. All Defendants consent, and request, the removal of this matter.

9. Based on a reasonable investigation, it is well grounded in fact and warranted by law that this removal to federal court is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

DATED: April 7, 2008

STONE | ROSENBLATT | CHA
A Professional Law Corporation

By: _____
GREGG S. GARFINKEL
AMY W. LEWIS
Attorneys for Defendants
VIP TRANSPORT, INC. and
MAYFLOWER TRANSIT, LLC

**EXHIBIT A**

03/18/2008  14:18  One Legal LLC                           (FAX)2136174717          P.002/003

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
MAR 18 08

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
J. Cao-Nguyen  DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VIP TRANSPORT, INC., a corporation; MAYFLOWER
TRANSIT, LLC, a foreign corporation; and DOE ONE
through DOE TEN,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
SOMPO JAPAN INSURANCE COMPANY OF AMERICA, a
corporation,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
(www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara Superior Court<br>Downtown Superior Court<br>191 N. First Street<br>San Jose, 95113<br>Downtown Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>08CV108873 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Cummins (184181)                              (415) 348-6000
Gibson Robb & Lindh, LLP
100 First Street
San Francisco, CA 94105

DATE: MAR 18 2008   Kiri Torre Chief Executive Officer/Clerk, by  J. Cao-Nguyen , Deputy
*(Fecha)*                          *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* VIP Transport, Inc., a corporation
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Mar 20 08 12:45p    viptransportinc         9512737762         p.3
Case 5:08-cv-01857-JW   Document 1   Filed 04/07/2008   Page 7 of 15
03/18/2008  14:18  One Legal LLC              (FAX)213 617 4717    P.003/009

1  MICHAEL J. CUMMINS (184181)
   JOSHUA A. SOUTHWICK (246296)
2  GIBSON ROBB & LINDH LLP
   100 First Street, 27th Floor
3  San Francisco, California 94105
   Telephone: (415) 348-6000
4  Facsimile: (415) 348-6001
   Attorneys for Plaintiff
5  SOMPO JAPAN INSURANCE COMPANY
   OF AMERICA

(ENDORSED)
FILED
MAR 18 08
KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
_____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA - UNLIMITED JURISDICTION

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, a corporation, | Case No. 1 08 CV 108373 |
| Plaintiff, | COMPLAINT FOR DAMAGE TO PROPERTY |
| v. | ($248,148) |
| VIP TRANSPORT, INC., a corporation; MAYFLOWER TRANSIT, LLC, a foreign corporation; and DOE ONE through DOE TEN, | |
| Defendants. | |

BY FAX

Plaintiff's complaint follows:

GENERAL ALLEGATIONS

1. Plaintiff SOMPO JAPAN INSURANCE COMPANY OF AMERICA ("SOMPO"), a corporation, is now and at all times herein material was duly organized and existed by virtue of law. Plaintiff SOMPO was the insurer of the hereinafter described electron microscope.

2. Plaintiff is informed and believes and on the basis of that information and belief alleges that VIP TRANSPORT, INC. ("VIP"), a corporation; MAYFLOWER TRANSIT, LLC ("MAYFLOWER"), a foreign corporation, and DOES ONE through TEN, are now and at all times herein material were engaged in business in the county of Santa Clara, California.

///

COMPLAINT FOR DAMAGE TO PROPERTY, 571P.31

Mar 20 08 12:45p    viptransportinc    9512737762    p.1
Case 5:08-cv-01857-JW    Document 1    Filed 04/07/2008    Page 8 of 15
03/18/2008  14:18  One Legal LLC

3. The true names of defendants sued herein as DOES ONE through DOES TEN, each of whom is or may be responsible for the events and matters herein referred to, and each of whom caused or may have caused or contributed to the damage herein complained of, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend its complaint to show the true names of said defendants when the same have been ascertained.

4. Plaintiff is informed and believes and on the basis of such information and belief alleges that on or about July 17, 2006, defendants VIP, MAYFLOWER and DOES ONE through TEN, and each of them, while at the National Electronic Transport Inc. ("NET") warehouse facility in Milpitas, California, negligently damaged an electron microscope owned by HITACHI HIGH TECHNOLOGIES OF AMERICA ("HITACHI"). Said defendants' negligence, includes, but is not limited to, negligently picking up, handling and dropping the microscope, among other acts and omissions.

5. As a proximate result of the aforesaid negligence, the electron microscope was completely damaged and a total loss.

6. Prior to the damage to the above described property and prior to any loss thereto, plaintiff SOMPO issued its policy of insurance whereby SOMPO agreed to indemnify HITACHI and its assigns against loss of or damage to said property, and plaintiff SOMPO has heretofore become obligated to pay and has paid to HITACHI the sum of $248,148 under said policy on account of the herein described loss.

7. By reason of the defendants' actions in negligently damaging the above described property, said defendants, and each of them, caused a loss to SOMPO in the sum of at least $248,148, no part of which has been paid despite demand therefor.

///
///
///
///
///

COMPLAINT FOR DAMAGE TO PROPERTY. 5718.31

-2-

03/18/2008  14:19  One Legal LLC                    (FAX)213 617 4717         P.005/009

1
2       WHEREFORE, plaintiff prays that this Court enter judgment in their favor and against
3   defendants; that this Court decree payment by defendants to plaintiff in the amount of $248,148,
4   together with prejudgment interest thereon and costs of suit herein; and that plaintiff have such
5   other and further relief as in law and justice they may be entitled to receive.
6
7   Dated: March 17, 2008                      Respectfully submitted,
8                                              GIBSON ROBB & LINDH LLP
9
10                                             By: _____
11                                                  Michael J. Cummins
                                                    Attorneys for Plaintiff
12                                                  SOMPO JAPAN INSURANCE
                                                    COMPANY OF AMERICA
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGE TO PROPERTY, 5718.31                                   - 3 -

## DECLARTION OF MINDY SANHAMEL IN SUPPORT OF
## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

I, Mindy Sanhamel, declare and state as follows:

1. I am the Office Manager for VIP Transport, Inc. ("VIP"), and I have held this position for 5 years. At all times relevant, I was responsible for, among other things, understanding all paperwork used by VIP to contract for the shipping of cargo and investigating the claim which is the subject of Plaintiff's complaint. As such, I have personal knowledge of the following matters and, if called as a witness, I could and would testify to their accuracy.

2. This Declaration is being offered in support of Defendants' Notice for Removal of Action to Federal Court.

3. In or about July 2006, Hitachi High Technologies America, Inc. ("Hitachi") contracted with Handle with Care Transportation who in turn contracted with VIP who is an authorized agent for Mayflower Transit, LLC ("Mayflower") to ship 2 containers allegedly containing an electron microscope and accessories from Hitachi's warehouse facility at National Electronic Transport ("NET") to the University of Alabama in Tuscaloosa, Alabama. A true and correct copy of the bill of lading governing this shipment is attached hereto as Exhibit "B".

4. It is my understanding that while the shipment was being loaded by Mayflower's driver for transport, the damage alleged in Plaintiff's complaint occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 3rd day of April, 2008, in Corona, California.

Mindy Sanhamel, Declarant

**EXHIBIT B**

Apr 02 08 11:32a    viptransportinc    9512737762    p.2

**UNIFORM BILL OF LADING**
**FREIGHT BILL-NOT NEGOTIABLE**

ORDER NUMBER: 112105335 6

CONSIGNOR: Origin Address
HHTA C/O NET
660 VISTA WAY
MILPITAS, CA. 95035
CONTACT: JANESSA OR MARK    PH 408-719-9911

CONSIGNEE: Destination Address
UNIV. OF ALABAMA
319 HACKBERRY LN.
BIOLOGY DEPT (BLDG)
TUSCALOOSA, AL
CONTACT: DR. HARRIET SMITH    PH 205-348-183_

SIGNED AT ORIGIN-CARRIER AGENT/DRIVER: [signature]    DATE: 7/17/6    I.D. 10314

| DRIVER I.D. | VAN NO. | P/U DATE | FROM | TO | AGENT WHSE. | SET-OFF/SIT | AUTHORIZED BY |
|---|---|---|---|---|---|---|---|
| 10314 | 312 | | ORIGIN | DEST | ATTEMPTED | P/U 7/17/6 | |

**ADDITIONAL SPECIAL INSTRUCTIONS/EQUIPMENT TO LOAD**
MODEL # 7650 HITACHI S/N 0111-04

Attempt

ORIGIN
CONSIGNOR'S PRINTED NAME: Mark Madewic_
CONSIGNOR'S SIGNATURE: [signature]
SIGNED ON LOADING - CARRIER AGENT / DRIVER

DESTINATION
CONSIGNEE'S PRINTED NAME:
CONSIGNEE'S SIGNATURE ON DELIVERY:
SIGNED ON DELIVERY - CARRIER AGENT / DRIVER

PAGE 2/4 * RCVD AT 4/2/2008 11:36:18 AM [Pacific Daylight Time] * SVR:SRCSRV04/1 * DNIS:2269 * CSID:9512737762 * DURATION (mm-ss):03-17

PAGE 3/4 * RCVD AT 4/3/2008 2:12:32 PM [Pacific Daylight Time] * SVR:SRCSRV04/1 * DNIS:2269 * CSID:9512737762 * DURATION (mm-ss):03-12

## CONTRACT TERMS AND CONDITIONS OF CARRIER'S BILL OF LADING

The following Contract Terms and Conditions apply to all services performed by Carrier in addition to all other rules, regulations, rates, and charges in the Carrier's current rate schedule or tariff which are referenced on the front of this Bill of Lading. A copy of the applicable rate schedule or tariff shall be made available to the consignor, consignee and/or shipper upon request.

The word "Shipper" includes the party entering into this Bill of Lading as Consignor and any party for whose account the goods are shipped. The word "Goods" includes articles of every kind and description tendered for transportation under this Bill of Lading or other shipping document properly executed and agreed to by the parties hereto.

Carrier maintains tariffs and/or rate schedules, which set forth the terms, conditions and prices for the transportation services it provides. The applicable tariff and/or rate schedule provisions as well as all inventories prepared in conjunction with this Bill of Lading are incorporated herein by reference. These documents, together with this Bill of Lading, constitute the contractual documents governing the services rendered to Shipper. Incorporated provisions include, but are not limited to: (1) Establishing the limitation of Carrier's liability; (2) Setting the time period for filing claims; and (3) Reserving the Carrier's right to access additional charges for additional services performed. SHIPPER AGREES TO ALL TERMS, CONDITIONS, LIMITATIONS, RATES AND PROVISIONS WHICH ARE CONTAINED IN THE REFERENCED TARIFF AND/OR RATE SCHEDULE.

SECTION 1: The Carrier, its employees, officers, directors, contractors, agents, representatives, and/or corporately related business entities, shall not be liable for physical loss of or damage to any goods handled, stored, or transported pursuant to this Bill of Lading or for delay in the delivery of such goods caused by or resulting:

(a) From an act, omission or order of shipper;

(b) From defect or inherent vice of the article, including susceptibility to damage because of atmospheric conditions such as temperature and humidity or changes therein;

(c) From (1) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending, or expected attack (A) by any government or sovereign power, or by any authority maintaining or using military, naval, or air forces; or (B) by military, naval or air forces; or (C) by an agent of any such government, power, authority or forces; (2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by any governmental authority in hindering, combating, or defending against such an occurrence; (4) seizure or destruction under quarantine or customs regulations; (5) confiscation by order of any government or public authority; (6) risks of contraband or illegal transportation or trade; (7) strikes, lockouts, labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrence or disorder; (8) terrorist activity, including action in hindering or defending against an actual or expected terrorist activity. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. The term "terrorist activity" includes any activity which is unlawful under the laws of the United States or any State and which involves any of the following: (1) the hijacking or sabotage of any conveyance (including an aircraft, vessel, cab, truck, van, trailer, container or vehicle) or warehouse or other building; (2) the seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained; (3) an assassination; (4) the use of any (A) biological agent, chemical agent, or a nuclear weapon or device, or (B) explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or (5) a threat, attempt, or conspiracy to do any of the foregoing.

(d) From acts of God.

(e) From damage due to improper shipper packing, bracing or preparation.

SECTION 2: CARRIER (AND ITS EMPLOYEES, OFFICERS, DIRECTORS, CONTRACTORS, AGENTS, REPRESENTATIVES AND CORPORATELY RELATED BUSINESS ENTITIES) SHALL NOT BE LIABLE IN ANY EVENT FOR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING, BUT NOT LIMITED TO LOSS OF PROFITS, INCOME, INTEREST, UTILITY OR LOSS OF MARKET, WHETHER OR NOT CARRIER HAD KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED.

SECTION 3: The liability of Carrier (and its employees, officers, directors, contractors, agents, representatives and corporately related business entities) for physical loss of or damage to any goods handled, stored or transportation pursuant to this Bill of Lading or delay in the delivery of such goods shall be subject to the limitations of liability set forth in this Bill of Lading, the limitations of liability contained in any written, signed account contract and the rules, regulations, rates, charges and provisions of the Carrier's currently applicable tariffs and/or rate schedules referenced on the front of this Bill of Lading.

SECTION 4: Carrier shall not be liable for delay caused by highway obstruction, or faulty or impassable highways, or lack of capacity of any highway, bridge or ferry, or caused by breakdown or mechanical defect of vehicles or equipment or from any cause other than negligence of the Carrier; nor shall the Carrier be bound to transport by any particular schedule, means, vehicle or otherwise than with reasonable dispatch. Carrier shall have the right in case of physical necessity to forward said property by any carrier or route between the point of shipment and the point of destination.

SECTION 5: (a) The Shipper, upon tender of the shipment to Carrier, and the consignee, upon acceptance of delivery of shipment, shall be liable jointly and severally, for all unpaid charges payable on account of a shipment in accordance with the applicable tariffs or rate schedules including, but not limited to, sums advanced or disbursed by Carrier on account of such shipment. The extension of such credit to either Shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges. (b) The Shipper shall indemnify Carrier against loss or damage caused by inclusion in a shipment of explosives, dangerous articles or goods or hazardous materials.

SECTION 6: If for any reason other than the fault of Carrier, delivery cannot be made at address shown on the face hereof, or at any changed address of which Carrier has been notified, Carrier, at its own option, may cause articles contained in shipment to be stored in a warehouse selected by it at the point of delivery or at other available points, at the cost of the Shipper or consignee and subject to a lien for all charges under the applicable accrued rate schedules or tariffs and other lawful charges.

SECTION 7: If shipment is refused by consignee at destination, or if Shipper, consignee or owner of property fails to receive or claim it within fifteen (15) days after written notice by United States mail addressed to Shipper and consignee at post office addresses shown on the face hereof, or if Shipper fails or refuses to pay lawfully applicable charges in accordance with Carrier's applicable tariff or rate schedules, Carrier may sell the property at its option, either (a) upon notice to the shipper or consignee as authorized by law; or (b) at public auction to the highest bidder for cash at a public sale to be held at a time and place named by Carrier, provided that, thirty (30) days notice of such sale shall have been given in writing to Shipper and consignee at their last known address, and there shall have been published at least once a week for two consecutive weeks in a newspaper of general circulation at or near the place of sale, a notice thereof containing a description of the property as described in the Bill of Lading, and the names of the consignor and consignee. The proceeds of any sale shall be applied toward payment of lawful charges applicable to shipment and toward expenses of sale, advertising and sale and of storing, caring for and maintaining property prior to sale and the balance, if any, shall be paid to owner of property; PROVIDED that any goods contained in said shipment may be sold at public or private sale without such notices, if in the opinion of Carrier such action is necessary to prevent deterioration or further deterioration.

SECTION 8: Nothing in this bill of lading shall limit the right of the Carrier to require the prepayment or guarantee of the charges at the time of shipment or prior to delivery. If the description of articles or other information on this bill of lading is found to be incorrect or incomplete, the freight charges must be paid based upon the articles actually shipped.

SECTION 9: As a condition precedent to recovery, a claim to any loss, damage or injury (excluding delay), must be filed in writing with Carrier within nine (9) months after delivery to consignee as shown on Bill of Lading, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed and any civil action must be instituted against Carrier within two years and one (1) day from the date when notice in writing is given by Carrier to the claimant that Carrier has disallowed the claim or any part or parts thereof specified in the notice, otherwise the claim is barred. A claim for delay must be filed in writing with the Carrier within ninety (90) days after delivery to consignee as shown on the Bill of Lading and any civil action for delay must be instituted against the Carrier within one (1) year and one (1) day from the date when notice in writing is given by Carrier to the claimant that Carrier has disallowed the claim or any part or parts thereof specified in the notice, otherwise the claim is barred. Any civil action instituted by a claimant may only be maintained in the United States District Court for the Eastern District of Missouri or in the Circuit Court of St. Louis County, State of Missouri.

PAGE 2/2 * RCVD AT 4/3/2008 9:34:55 AM [Pacific Daylight Time] * SVR:SRCSRV04/1 * DNIS:2269 * CSID:9512737762 * DURATION (mm-ss):02-10

PAGE 4/4 * RCVD AT 4/3/2008 2:12:32 PM [Pacific Daylight Time] * SVR:SRCSRV04/1 * DNIS:2269 * CSID:9512737762 * DURATION (mm-ss):03-12

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 21550 Oxnard Street, Main Plaza, Suite 200, Woodland Hills, California.

On ___7TH___, Apr-08, I served the foregoing document described as:

- Civil Cover Sheet
- Notice of Interested Parties
- Notice for Removal of Action to Federal Court and Declaration

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

[x]   (BY MAIL) I am familiar with the ordinary business practice of the law firm of Stone, Rosenblatt & Cha for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as indicated above.

[ ]   (BY E-MAIL) I caused such document to be e-mailed to the addressee.

[ ]   (BY FACSIMILE TRANSMISSION) I caused such document to be faxed to the addressee.

[ ]   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]   (BY EXPRESS MAIL, CCP 1013(c,d) I caused such envelope with postage thereon fully prepaid to be placed in the box regularly maintained by the express service carrier, Federal Express, at 21550 Oxnard Street, Suite 200, Woodland Hills, California, copies of the routing slips attached hereto.

[X]   Executed on ___7TH___, Apr-08 at Woodland Hills, California.

[X]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Judith Nourse

**SERVICE LIST**

Michael J. Cummins, Esq.
Joshua A. Southwick, Esq.
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, CA 94105
Tel.   (415) 348-6000
Fax   (415) 348-6001

JS 44 (Rev. 11/04)                                         **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Sompo Japan Insurance Company of America, a corporation

**DEFENDANTS**
VIP Transport, Inc., a corporation; Mayflower Transit, LLC, a foreign corporation; and Doe One through Doe Ten

**(b)** County of Residence of First Listed Plaintiff: unknown
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Santa Clara
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael J. Cummins
Gibson Robb & Lindh, LLP
100 First St.
San Francisco, CA 94105
(415) 348-6000

Attorneys (If Known)
Gregg S. Garfinkel-Amy W. Lewis
STONE ROSENBLATT & CHA
21550 Oxnard Street, Suite 200
Woodland Hills, CA 91367
(818)999-2232 (ggarfinkel@srclaw.com)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | [X] 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine / **PERSONAL PROPERTY** | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | **LABOR** | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 730 Labor/Mgmt. Reporting & Disclosure Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | 441 Voting / 510 Motion to Vacate Sentence | 740 Railway Labor Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 442 Employment / Habeas Corpus: | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 892 Economic Stabilization Act |
| 220 Foreclosure | 443 Housing/ Accommodations / 530 General | 791 Empl. Ret. Inc. Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 444 Welfare / 535 Death Penalty | | 871 IRS - Third Party 26 USC 7609 | 894 Energy Allocation Act |
| 240 Torts to Land | 445 Amer. w/Disabilities - Employment / 540 Mandamus & Other | | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 446 Amer. w/Disabilities - Other / 550 Civil Rights | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 440 Other Civil Rights / 555 Prison Condition | | | 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Claim for damages arising under interstate Bill of Lading 28 USC 1441(b) and U.S.C. 14706.

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 248,148
[X] CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: April 7, 2008
SIGNATURE OF ATTORNEY OF RECORD: Gregg S. Garfinkel

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44