1  MICHAEL J. CUMMINS (184181)
   JOSHUA A. SOUTHWICK (246296)
2  GIBSON ROBB & LINDH LLP
   100 First Street, 27th Floor
3  San Francisco, California  94105
   Telephone: (415) 348-6000
4  Facsimile: (415) 348-6001

5  Attorneys for Plaintiff
   SOMPO JAPAN INSURANCE COMPANY OF AMERICA
6

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | SOMPO JAPAN INSURANCE              ) Case No. C08-01857 JW (PVT)
   | COMPANY OF AMERICA, a corporation, )
13 |                                    ) **NOTICE OF MOTION, MOTION AND;**
   |         Plaintiff,                 ) **MEMORANDUM OF POINTS IN**
   |                                    ) **AUTHORITIES IN SUPPORT OF**
14 |                                    ) **PLAINTIFF'S MOTION TO REMAND**
   |         v.                         ) **PURSUANT TO 28 U.S.C. § 1447(c)**
15 |                                    )
   |                                    )
16 | VIP TRANSPORT, INC., a corporation; ) Date:   September 8, 2008
   | MAYFLOWER TRANSIT, LLC, a foreign   ) Time:   9:00 a.m.
17 | corporation; and DOE ONE through DOE) Place:  Courtroom 8, 4th Floor
   | TEN,                                )
18 |                                    ) Judge: Honorable James Ware
   |         Defendants.                 )
19 |                                    )

20       TO VIP TRANSPORT, INC and MAYFLOWER TRANSIT, LLC AND THEIR

21 ATTORNEYS OF RECORD:

22       NOTICE IS HEREBY GIVEN THAT on September 8, 2008, at 9:00 a.m., or as soon

23 thereafter as the matter may be heard, in Courtroom 8 of the above-entitled Court located at 280

24 South 1st Street in San Jose, California, plaintiff SOMPO JAPAN INSURANCE COMPANY OF

25 AMERICA, will and hereby does move the Court pursuant to 28 U.S.C. § 1447(c) to remand

26 plaintiff's suit to the Superior Court of California for the County of Santa Clara, as plaintiff's suit

27 does not arise under any Act of Congress or la of the United States for purposes of 28 U.S.C.

28 §1441(a).  This motion is based on this Notice of Motion and Motion, the pleadings in the court

---

NOTICE OF MOTION, MOTION AND; MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)
USDC CASE NO. C08-01857 JW (PVT); OUR FILE NO.: 5718.31

1  file, the Memorandum of Points & Authorities filed herewith, and all other papers contained in
2  the record.
3  Dated: May 6, 2008                    Respectfully submitted,
4
5                                         By: /S/ JOSHUA A. SOUTHWICK
                                               Joshua A. Southwick
                                               Attorneys for Plaintiff
6                                              SOMPO JAPAN INSURANCE
                                               COMPANY OF AMERICA

NOTICE OF MOTION, MOTION AND; MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)
USDC CASE NO. C08-01857 JW (PVT); OUR FILE NO.: 5718.31

- 2 -

**MEMORANDUM OF POINTS IN AUTHORITIES**

I.  **INTRODUCTION**

Based on an erroneous application of the artful pleading doctrine, defendants removed this case, asserting that federal question jurisdiction exists under the Carmack Amendment. Because the defendants did not (and cannot) establish that the loss plead in the complaint occurred after "delivery" of the goods to the defendant's driver — a threshold requirement to establish application of the Carmack Amendment — defendant's attempt to manufacture federal question jurisdiction where none exists fails as a matter of law. As the Carmack Amendment does not govern plaintiff's claims against defendants and as defendants assert no other basis for subject matter jurisdiction, this case should be remanded under 28 U.S.C. §1447(c).

II.  **LAW GOVERNING REMOVAL**

Pursuant to 28 U.S.C. § 1447(c), the Court must remand where "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over the case. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotations omitted). Defendants, as the parties seeking to invoke the jurisdiction of this Court, bear the burden of establishing federal jurisdiction exists. As demonstrated below, defendants did not and cannot sustain this burden.

III.  **DEFENDANTS' ATTEMPT TO MANUFACTURE FEDERAL QUESTION JURISDICTION BY RELIANCE ON THE ARTFUL PLEADING DOCTRINE FAILS**

In determining whether removal was proper, this Court must apply the "well-pleaded complaint" rule. *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir.1998), *citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987). Under this rule, the Court assesses the presence of federal jurisdiction by examining only the face of the plaintiff's complaint, without consideration of any defenses that may be raised or anticipated.

NOTICE OF MOTION, MOTION AND; MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)
USDC CASE NO. C08-01857 JW (PVT); OUR FILE NO.: 5718.31

- 3 -

1   *Sparta Surgical Corp. v. NASD, Inc.*, 159 F.3d 1209, 1213 (9th Cir.1998).  The plain language of
2   the complaint must, on its face, invoke the federal bases for subject matter jurisdiction.
3   Jurisdiction cannot be based on an anticipated federal defense.  *Patrickson v. Dole Food Co.*, 251
4   F.3d 795, 799 (9th Cir. 2001).

5         Because SOMPO JAPAN INSURANCE COMPANY OF AMERICA'S ("SOMPO")
6   complaint does not invoke federal jurisdiction nor contain any allegations seeking relief under
7   federal law, defendants seek to create it by erroneous reliance on the artful pleading doctrine.
8   Under this doctrine, "a state-law claim may be re-characterized as a federal claim only when the
9   state-law claim is preempted by federal law and when it is apparent from a review of the
10  complaint that federal law provides plaintiff a cause of action to remedy the wrong he asserts he
11  suffered."  *Hunter v. United Van Lines*, 746 F.2d 635, 642-643 (9th Cir. Cal. 1984).  This
12  doctrine only applies when the plaintiff has a federal claim to assert <u>and</u> where it is apparent from
13  a review of the complaint that such a claim exists.  As demonstrated below, defendants attempt
14  to prove this doctrine applies by asserting that the Carmack Amendment governs SOMPO'S
15  claims against them fails as a matter of law.

16      **A.**    **Liability Under the Carmack Amendment Does Not Commence Until the Goods Are Delivered to the Carrier**
17

18        The Carmack Amendment, which governs a common carrier's liability for damages
19  arising from the interstate transportation of goods, "codifies that common-law rule making a
20  carrier liable, without proof of negligence. . ." *Secretary of Agriculture v. United States*, 350
21  U.S. 162, 166 n.9.  As under the common-law, *see Missouri Pac. Ry v. McFadden*, 154 U.S. 155,
22  160 - 161 (1894), a carrier's liability under the Carmack Amendment does not commence until
23  delivery of the goods to the carrier.  *See Republic Arloading and Distributing Co. v. Pacific*
24  *Railroad Co.*, 302 F.2d 381, 385 - 386 (8th Cir. 1962); *Conair Corp. v. Old Dominion Freight*
25  *Line, Inc.*, 22 F.3d 529 (3rd Cir. 1994); *Illinois Central Railroad v. Moore*, 228 F.2d 873, 877 (6th
26  Cir. 1956); *Cain-Sloan Co. v. Louisville & N.R. Co.*, 221 Tenn. 70, 89, 424 S.W.2d 787, 795
27  (Supreme Ct. Tenn. 1968); *Industrial Risk Ins. v. Sup. Ct.*, 746 A.2d 532, 536 - 537 (N.J. App.
28  2000).  For purposes of establishing a cause of action under the Carmack Amendment, a plaintiff

1  must therefore allege and prove, amongst other things, delivery of the goods to the carrier. *Beta
2  Spawn, Inc. v. FFE Transportation Services, Inc.*, 250 F.3d 218, 223 (3rd Cir. 2001); *Continental
3  Grain Co. v. Frank Seitzenger Storage*, 837 F.2d 836, 839 (8th Cir. 1988); *Nichols v. Mayflower
4  Transit, LLC*, 368 F. Supp. 2d 1104, 1109-1110 (D. Nev. 2003).

5       Delivery, which involves a factual determination, occurs when the goods are released to
6  the carrier and there remains no further acts to be performed by the shipper/consignor with
7  respect to the goods. *Conair*, 22 F.3d at 532; *Republic Arloading*, 302 F.2d at 385; *Industrial
8  Risk Ins.*; 746 A.2d at 536 - 537; *see also Hohenberg Bros. Co. v. Missouri P. R. Co.*, 586
9  S.W.2d 117, 121 (Tenn. Ct. App. 1979) (stating "[t]here is no complete delivery when something
10 remains for the shipper to do as a condition precedent to the commencement of transportation.
11 While a bill of lading operates both as a receipt and a contract, the receipt clause is not
12 conclusive and may be explained by parol or other evidence.") (cit. omitted).

13      In *Conair*, the shipper loaded the goods into a trailer owned by the carrier, Old Dominion.
14 Upon completion of loading and releasing the goods to the carrier, the Old Dominion driver
15 signed a bill of lading acknowledging receipt of same, but then left the trailer at the shipper's
16 facility to await another Old Dominion driver who was to remove and transport the trailer to its
17 destination. Prior to the second driver arriving, the trailer was stolen. In an attempt to avoid
18 application of the Carmack Amendment, cargo interests asserted the loss occurred prior to the
19 goods being delivered to the carrier. The Third Circuit rejected this argument and held the
20 Carmack Amendment governed, finding the loss occurred after delivery of the shipment to
21 carrier, stating:

> It is undisputed that Old Dominion's trailer was completely loaded and prepared for transportation at the time Joalceur (the first Old Dominion employee) signed the bill of lading evidencing receipt of the trailer by Old Dominion. Upon loading the goods into Old Dominion's trailer and signing the bill of lading, there was no further action required by Conair before transportation of the shipment by Old Dominion. At that point, Conair released the trailer to Old Dominion for immediate transportation and Old Dominion had complete and exclusive control of the goods . . . Old Dominion thus has constructive, if not actual, receipt and possession of the shipment at the time of the theft.

     <u>Id.</u> at 532

NOTICE OF MOTION, MOTION AND; MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)
USDC CASE NO. C08-01857 JW (PVT); OUR FILE NO.: 5718.31

- 5 -

### B. Delivery Did Not Occur, thus Precluding Application of the Carmack Amendment to SOMPO'S Claim Against Defendants

In this case, SOMPO'S complaint contains no allegations stating that the goods were delivered to defendants. The absence of such an allegation was not a mistake or oversight, as in this case, unlike *Conair*, the undisputed facts will show the loss occurred prior to goods being delivered to defendant's driver.

Here, the defendants' driver used the shipment from NET's warehouse prior to it being released and without authority or authorization to do so. In so doing, the driver not only trespassed onto NET's property but used NET's forklift, again without authorization or approval, to try and move the shipment from the warehouse to his truck, during which time he dropped the shipment off the forklift and damaged it.[1] Because the damage occurred before the shipment was delivered to the driver, the Carmack Amendment, as a matter of law, does not apply to SOMPO'S state law claims against defendants.

Notwithstanding the fact that damage occurred prior to delivery, the defendants' attempt to prove otherwise finds no support in the evidence relied on by defendants to try and manufacture federal question jurisdiction. A review of the declaration submitted shows that it not only contains no averment that the shipment was delivered to defendant's driver, but demonstrates that the declarant possesses <u>no personal knowledge</u> about the shipment or the circumstances giving rise to the loss, thus rendering the declaration to be inadmissible. Because the defendants did not (and cannot) prove the goods were delivered to the driver and because they must prove this required element for purposes of establishing federal question jurisdiction under the Carmack Amendment, defendants' attempt to create federal jurisdiction where none exists fails.

Further, even if the defendants had submitted admissible evidence supporting an allegation that the goods were delivered to the driver, the result requiring remand remains

---

[1] In its complaint, SOMPO did not include all of these facts because they are not needed for purposes of proving SOMPO'S claims against defendants. SOMPO did not include evidentiary support for them with its remand motion because its research indicated that the law prohibited SOMPO from doing so. Should the Court permit or wish SOMPO to supplement its motion with such evidence, SOMPO will gladly do so.

NOTICE OF MOTION, MOTION AND; MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)
USDC CASE NO. C08-01857 JW (PVT); OUR FILE NO.: 5718.31

- 6 -

unchanged, as at a minimum, a factual dispute exists as to this threshold jurisdictional requirement under the Carmack Amendment. While SOMPO remains convinced that the trier of fact will conclude the loss occurred prior to delivery, which thus precludes application of the Carmack Amendment, any doubts regarding this must be resolved in SOMPO'S favor as the party seeking remand.

Finally, if the Court nonetheless decided to retain this case and if the trier of fact finds that delivery did not occur, the Court would then need to remand the case back to State Court, as it would no longer possess subject matter jurisdiction. *See Harris v. Provident Life & Acc. Ins. Co.*, 26 F3d 930, 934 (9th Cir. 1994)("district court has no discretion to retain state law claims when the sole federal claim is dismissed for lack of jurisdiction"]. Such a result, necessarily delays resolution of the action, causes the needless waste of judicial resources and increases the costs to the parties. Remanding to state court avoids these problems and fosters judicial economy, for it ensures one court will hear and decide all issues involving this case, be it determined to involve state or federal law.

## IV.    CONCLUSION

For the foregoing reasons, SOMPO respectfully requests that the Court grant its motion in remand this matter back to state court.


Dated: May 6, 2008                     Respectfully submitted,


                                        By: /S/ JOSHUA A. SOUTHWICK
                                             Joshua A. Southwick
                                             Attorneys for Plaintiff
                                             SOMPO JAPAN INSURANCE
                                             COMPANY OF AMERICA

1  MICHAEL J. CUMMINS (184181)
   JOSHUA A. SOUTHWICK (246296)
2  GIBSON ROBB & LINDH LLP
   100 First Street, 27th Floor
3  San Francisco, California  94105
   Telephone: (415) 348-6000
4  Facsimile:  (415) 348-6001

5  Attorneys for Plaintiff
   SOMPO JAPAN INSURANCE COMPANY OF AMERICA
6

7                       UNITED STATES DISTRICT COURT

8                       NORTHERN DISTRICT OF CALIFORNIA

9

10

11  SOMPO JAPAN INSURANCE          )   Case No. C08-01857 JW (PVT)
    COMPANY OF AMERICA, a corporation, )
                                   )   **[PROPOSED] ORDER GRANTING**
12            Plaintiff,           )   **PLAINTIFF'S MOTION TO REMAND**
                                   )   **PURSUANT TO 28 U.S.C. § 1447(c)**
13       v.                        )
                                   )   Date:   September 8, 2008
14  VIP TRANSPORT, INC., a corporation; )  Time:   9:00 a.m.
    MAYFLOWER TRANSIT, LLC, a foreign )   Place:  Courtroom 8, 4th Floor
15  corporation; and DOE ONE through DOE )
    TEN,                           )   Judge: Honorable James Ware
16                                 )
              Defendants.          )
17  _____)

18       Plaintiff SOMPO JAPAN INSURANCE COMPANY OF AMERICA's Motion to

19  Remand Pursuant to 28 U.S.C. 1447(c) came on for hearing before the Honorable Judge James

20  Ware on September 8, 2008, in the above-entitled Court.  Michael Cummins and Joshua

21  Southwick of GIBSON ROBB & LINDH LLP appeared on behalf of plaintiff, and Gregg S.

22  Garfinkel and Amy W. Lewis of STONE ROSENBLATT CHA, PLC appeared on behalf of

23  defendants VIP TRANSPORT, INC. and MAYFLOWER TRANSIT, LLC.  After considering

24  the moving and opposition papers, arguments of counsel and all other matters presented to the

25  Court, it is hereby

26       ORDERED that Plaintiff's Motion to Remand is GRANTED.  The Carmack

27  Amendment, 49 U.S.C. §14706, does not apply to prior to the initial delivery of cargo to a

28  carrier.  As such, the Carmack Amendment is inapplicable and this Court is without federal

1 | question jurisdiction over plaintiffs' state-law causes of action.  This matter is REMANDED to
2 | the Superior Court of California for Santa Clara County.  Plaintiffs are awarded their actual costs,
3 | expenses and attorney fees incurred in opposing this removal per 28 U.S.C. §1447(c).
4 |        IT IS SO ORDERED.

7 | Dated: _____        _____
8 |                                    THE HONORABLE JAMES WARE
   |                                    UNITED STATES DISTRICT COURT FOR THE
   |                                    NORTHERN DISTRICT OF CALIFORNIA