MICHAEL J. CUMMINS (184181)
JOSHUA A. SOUTHWICK (246296)
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, California 94105
Telephone: (415) 348-6000
Facsimile: (415) 348-6001

Attorneys for Plaintiff
SOMPO JAPAN INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, a corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VIP TRANSPORT, INC., a corporation; MAYFLOWER TRANSIT, LLC, a foreign corporation; and DOE ONE through DOE TEN,<br><br>　　　　Defendants. | Case No. C08-01857 JW (PVT)<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**<br><br>Date: June 9, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 8, 4th Floor<br><br>Judge: Honorable James Ware |

## I. INTRODUCTION

The motion to dismiss is not well-taken. As an initial matter, it is not ripe for decision. SOMPO has filed a motion to remand on the basis that this Court lacks jurisdiction over its claims, which involve pre-delivery state law torts not subject to the Carmack Amendment. As the removing parties, defendants bear the heavy burden of establishing that this Court may exercise jurisdiction over SOMPO's claims. While plaintiff's remand motion demonstrates that defendants did not and cannot sustain this heavy burden, defendants' motion to dismiss should, at a minimum, be stayed until the Court hears and decides the remand motion, for a finding in plaintiff's favor necessarily renders defendants' motion to dismiss moot.

1  In addition to being premature and not ripe for decision, defendants' motion to dismiss
2  also improperly relies on extrinsic evidence (document and declaration) outside the bounds of
3  plaintiff's complaint.  Defendants' motion also does not establish that "delivery" of the cargo had
4  occurred, a prerequisite for application of the Carmack Amendment, whose preemptive effect is
5  the sole basis for this motion.  In fact, should this case be decided by trial or motion for summary
6  judgment, plaintiff intends to introduce evidence that demonstrates that the damage occurred
7  **before delivery** of the microscope to defendants for carriage and in **the course of a trespass** by
8  defendants' employee and agent.

9  **II.    PROCEDURAL HISTORY**

10  SOMPO JAPAN INSURANCE COMPANY ("SOMPO") filed suit in the Superior Court
11  of Santa Clara to recover damages arising from defendant's negligent damage to an electron
12  microscope at a warehouse in Milpitas, California.  Defendants subsequently removed the matter
13  to this Court, arguing (incorrectly) that SOMPO's complaint should properly be understood as a
14  breach of contract of carriage case subject to the Carmack Amendment, and therefore subject to
15  removal under this Court's federal question jurisdiction.   Defendants simultaneously filed a
16  motion to dismiss under FRCP 12(b)(6) with their notice of removal.  Both the notice of removal
17  and the motion to dismiss under FRCP 12(b)(6) are based, improperly, on matters extrinsic to the
18  plaintiff's complaint.

19  SOMPO timely filed a motion to remand this matter back to state court on the basis that
20  defendants had not met their burden of demonstrating that the Carmack amendment was
21  applicable to the loss plead in the complaint, rendering this Court **without jurisdiction** to
22  adjudicate plaintiff's state law claims.  As the Court's availability for motion hearings is limited,
23  SOMPO set its motion to remand for hearing on September 8, 2008, which was the first available
24  date.

25  **III.    APPLICABLE LAW**

26  FRCP 12(b)(6) motions are generally disfavored and are rarely granted.  See Gilligan v.
27  Jamco Devlop. Corp., 108 F. 3d 246, 249 (9th Cir. 1997);  United States v, Redwood City, 640
28  F.2d 963, 966 (9th Cir. 1981)(dismissal under 12(b)(6) proper only in "extraordinary" cases).  If a

1  claim is implausible, a Court will generally encourage a motion for summary judgment under
2  Rule 56; if a claim is unclear, the remedy is an order for a more definite statement under 12(e).
3  Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1993).

4      A complaint cannot be dismissed for failure to state claim "unless it appears beyond
5  doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to
6  relief." Bell Atl. Corp. v Twombly, 127 S. Ct. 1955 (2007).  When challenged under FRCP
7  12(b)(6), a complaint is construed in the light most favorable to the plaintiff and on the
8  assumption that all of its allegations are true. Id. at 1965; see also Pareto v. F.D.I.C., 139 F.3d
9  696, 699 (9th Cir. 1998).

10     Generally, Rule 12 motions are limited to the allegations of the complaint.  Unless the
11 Court converts the FRCP 12(b)(6) motion into a summary judgment motion under Rule 56, the
12 Court may not consider material outside the complaint (e.g. facts presented in briefs, affidavits,
13 or discovery materials. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir.
14 2001). If a 12(b)(6) motion presents matters outside the complaint, *and* the extrinsic evidence is
15 relied upon by the court, then the motion must be treated as one for summary judgment under
16 Rule 56. See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 582 (9th Cir. Ariz. 1983).

17     Should the Court elect to treat the Rule 12 motion as a motion for summary judgment, the
18 plaintiff's must be given "reasonable opportunity" to present rebutting evidence. Fed. R. Civ.
19 Proc. 12(d); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). As
20 with normal Rule 56 motions, the hearing may be postponed if necessary to allow the opposing
21 party time to conduct discovery to develop facts in opposition to the motion. Fed. R. Civ. Proc.
22 56(f); Grove v. Mead School Dist. No. 354, 753 F.2d 1528 (1985).

23 **IV.   ARGUMENT**

24     *1.   This Motion Should Be Stayed Pending a Decision on SOMPO'S Motion to
25         Remand.*

26     As an initial matter, this motion is not ripe for decision. As noted, SOMPO filed a
27 motion to remand this case back to state court on the grounds that this Court lacks subject matter
28 jurisdiction over the claims asserted in SOMPO's complaint. That motion is set for hearing on

1  September 8, 2008. SOMPO's remand motion is directly relevant to defendants' argument that
2  the claims are preempted by the Carmack amendment, in that it explains that Carmack does not
3  apply before a cargo is delivered to a carrier. Absent Carmack, the Court possesses no
4  jurisdiction over this suit, and must remand the case to state court.
5       SOMPO therefore respectfully requests the Court STAY the hearing on defendants'
6  motion to dismiss pending a decision on SOMPO's motion to remand to state court or a
7  determination that the Court has/lacks subject matter jurisdiction.

     *2. Defendants' Motion Improperly Relies on Extrinsic Evidence that Can Only Be Introduced Via A Motion For Summary Judgment.*

10       SOMPO's complaint pleads no facts supporting a determination that the Carmack
11  Amendment applies. In order to avoid this problem, defendants improperly attempt to support
12  their attack on the complaint by introducing extrinsic evidence in the form of a BILL OF
13  LADING and the DECLARATION OF MINDY SAMHAMEL. The Court cannot consider
14  such documents when deciding a motion brought under FRCP 12(b)(6). Arpin, 261 F.3d at 925.
15       As such, if the Court evaluates the motion under Rule 12, it must ignore the extrinsic
16  evidence, and look only to the complaint. As the complaint does not allege damage to cargo
17  following delivery to a carrier for transport in interstate commerce, the Carmack Amendment
18  does not apply. SOMPO's state law claims are not preempted, and the Court should deny
19  defendants' motion to dismiss for failure to state a claim..
20       Defendants did not move in the alternative for summary judgment, as they could have
21  done. As the defendants did not elect to move for summary judgment, SOMPO urges this Court
22  to simply disregard the extrinsic evidence introduced. However, in the event the Court considers
23  the extrinsic evidence, the motion is necessarily converted to a motion for summary judgment
24  pursuant to Rule 56. See North Star Int'l., 720 F.2d at 582. Should this Court elect to rely on the
25  extrinsic evidence and treat this motion as a motion for summary judgment, SOMPO respectively
26  requests this Court provide it with (1) reasonable notice of the election, (2) the opportunity to
27  conduct discovery into the matters set forth in the motion, and (3) the opportunity to introduce
28  extrinsic evidence of its own in support of its opposition.

   3. *Neither the Complaint Nor the Extrinsic Evidence Introduced by Defendants Establish that the Carmack Amendment Applies to SOMPO's Claim, and SOMPO's Claims Therefore Cannot Be Preempted as a Matter of Law.*

Even if the Court decides to rule on this motion now and in so doing not only considers the defendants' extrinsic evidence but refuses to provide SOMPO an opportunity to conduct discovery and introduce extrinsic evidence of its own, the result requiring denial of defendants' motion remains unchanged. Defendants' motion argues that the Carmack Amendment preempts state law claims against carriers for damage to cargo they <u>receive</u> for carriage in interstate transit. Plaintiff does not contest that the Carmack Amendment, *when applicable*, preempts state law claims arising out of such carriage. However, neither plaintiff's complaint nor the extrinsic evidence submitted in support of defendants' motion to dismiss determine that Carmack applies. Because it cannot be determined on the pleadings whether Carmack applies, and thus whether SOMPO's negligence claim is preempted, the motion must be denied.

  **A.** **<u>Liability Under the Carmack Amendment Does Not Commence Until the Goods Are Delivered to the Carrier</u>**

The Carmack Amendment, which governs a common carrier's liability for damages arising from the interstate transportation of goods, "codifies that common-law rule making a carrier liable, without proof of negligence. . ." <u>Secretary of Agriculture v. United States</u>, 350 U.S. 162, 166 n.9. As under the common-law, see <u>Missouri Pac. Ry v. McFadden</u>, 154 U.S. 155, 160 - 161 (1894), a carrier's liability under the Carmack Amendment does not commence until delivery of the goods to the carrier. See <u>Republic Arloading and Distributing Co. v. Pacific Railroad Co.</u>, 302 F.2d 381, 385 - 386 (8th Cir. 1962); <u>Conair Corp. v. Old Dominion Freight Line, Inc.</u>, 22 F.3d 529 (3rd Cir. 1994); <u>Illinois Central Railroad v. Moore</u>, 228 F.2d 873, 877 (6th Cir. 1956); <u>Cain-Sloan Co. v. Louisville & N.R. Co.</u>, 221 Tenn. 70, 89, 424 S.W.2d 787, 795 (Supreme Ct. Tenn. 1968); <u>Industrial Risk Ins. v. Sup. Ct.</u>, 746 A.2d 532, 536 - 537 (N.J. App. 2000). For purposes of establishing a cause of action under the Carmack Amendment, a plaintiff must therefore allege and prove, amongst other things, delivery of the goods to the carrier. <u>Beta Spawn, Inc. v. FFE Transportation Services, Inc.</u>, 250 F.3d 218, 223 (3rd Cir. 2001); <u>Continental Grain Co. v. Frank Seitzenger Storage</u>, 837 F.2d 836, 839 (8th Cir. 1988); <u>Nichols v. Mayflower</u>

1   Transit, *LLC*, 368 F. Supp. 2d 1104, 1109-1110 (D. Nev. 2003).

2   Delivery, which involves a factual determination, occurs when the goods are released to
3   the carrier and there remains no further acts to be performed by the shipper/consignor with
4   respect to the goods. Conair, 22 F.3d at 532; Republic Arloading, 302 F.2d at 385; Industrial
5   Risk Ins.; 746 A.2d at 536 - 537; see also Hohenberg Bros. Co. v. Missouri P. R. Co., 586
6   S.W.2d 117, 121 (Tenn. Ct. App. 1979) (stating "[t]here is no complete delivery when something
7   remains for the shipper to do as a condition precedent to the commencement of transportation.
8   While a bill of lading operates both as a receipt and a contract, the receipt clause is not
9   conclusive and may be explained by parol or other evidence.") (cit. omitted).

10  In *Conair*, the shipper loaded the goods into a trailer owned by the carrier, Old Dominion.
11  Upon completion of loading and releasing the goods to the carrier, the Old Dominion driver
12  signed a bill of lading acknowledging receipt of same, but then left the trailer at the shipper's
13  facility to await another Old Dominion driver who was to remove and transport the trailer to its
14  destination. Prior to the second driver arriving, the trailer was stolen. In an attempt to avoid
15  application of the Carmack Amendment, cargo interests asserted the loss occurred prior to the
16  goods being delivered to the carrier. The Third Circuit rejected this argument and held the
17  Carmack Amendment governed, finding the loss occurred after delivery of the shipment to
18  carrier, stating:

> It is undisputed that Old Dominion's trailer was completely loaded and prepared for transportation at the time Joalceur (the first Old Dominion employee) signed the bill of lading evidencing receipt of the trailer by Old Dominion. Upon loading the goods into Old Dominion's trailer and signing the bill of lading, there was no further action required by Conair before transportation of the shipment by Old Dominion. At that point, Conair released the trailer to Old Dominion for immediate transportation and Old Dominion had complete and exclusive control of the goods . . . Old Dominion thus has constructive, if not actual, receipt and possession of the shipment at the time of the theft.
>
> Id. at 532

**B.  Delivery Did Not Occur, thus Precluding Application of the Carmack Amendment to SOMPO'S Claim Against Defendants**

27  In this case, SOMPO'S complaint contains no allegations stating that the goods were
28  delivered to defendants. The absence of such an allegation was not a mistake or oversight – in

this case, unlike <u>Conair</u>, the undisputed facts will show the loss occurred prior to goods being delivered to defendant's driver.  It is not that SOMPO chose not to plead a Carmack claim against defendants, it is that SOMPO <u>cannot plead a Carmack cause of action where no delivery occurred</u>.

Here, the defendants' driver removed the shipment from NET's warehouse prior to it being released and without authority or authorization to do so.  In so doing, the driver not only trespassed onto NET's property but used NET's forklift, again without authorization or approval, to try and move the shipment from the warehouse to his truck, during which time he dropped the shipment off the forklift and damaged it.[1]  Because the damage occurred before the shipment was delivered to the driver, the Carmack Amendment, as a matter of law, does not apply to plaintiff's state law claims against defendants.

Notwithstanding the fact that damage occurred prior to delivery, the defendants' attempt to prove otherwise finds no support in the evidence relied on by defendants to try and manufacture a Carmack claim where none was plead nor available to plaintiff.  A review of the DECLARATION submitted shows that it not only contains no averment that the shipment was delivered to defendant's driver, but demonstrates that the declarant possesses <u>no personal knowledge</u> ("it is my understanding . . .") about the shipment or the circumstances giving rise to the loss, thus rendering the declaration to be inadmissible.  Because the defendants did not (and cannot) establish that the goods were delivered to the driver and because they must prove this required element to demonstrate that the Carmack Amendment applies, they cannot establish as a matter of law that the state law claims pled by SOMPO are preempted.

Further, even if the Court elects to treat this motion as a motion for summary judgment and considers the extrinsic evidence submitted by the defendants, the result remains unchanged.  At a minimum, a factual dispute exists as to whether delivery occurred, a threshold jurisdictional requirement under the Carmack Amendment.  While SOMPO remains convinced that the trier of

---

[1] In its complaint, SOMPO did not include all of these facts because they are not needed for purposes of proving SOMPO'S claims against defendants.  SOMPO does not include evidentiary support for these facts with its opposition to the motion to dismiss or in its motion to remand because its research indicated that the law prohibited SOMPO from doing so absent the Court's election to treat this as a motion for summary judgment.  Should the Court permit or wish SOMPO to supplement its motion with such evidence, SOMPO will gladly do so.

1 fact will conclude the loss occurred prior to delivery, which thus precludes application of the
2 Carmack Amendment, any doubts regarding this must be resolved in SOMPO'S favor on either a
3 motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56.

## V. CONCLUSION

Because a finding in SOMPO'S favor on its motion to remand renders this motion moot, SOMPO requests this Court STAY its decision on this motion until it decides SOMPO's motion to remand. Alternatively, SOMPO requests that the motion be denied, for the reasons set forth above. Further, if the Court elects to base its decision on the extrinsic evidence and converts this motion into a motion for summary judgment under Rule 56, SOMPO requests the Court not only provide reasonable notice of the election but give SOMPO a reasonable opportunity to conduct fact discovery and present such evidence in support of its opposition. Finally, should the Court grant defendants' motion, SOMPO requests leave to amend its complaint.

Dated: May 15, 2008                    Respectfully submitted,

                                       By: /S/ JOSHUA A. SOUTHWICK
                                           Joshua A. Southwick
                                           Attorneys for Plaintiff
                                           SOMPO JAPAN INSURANCE
                                           COMPANY OF AMERICA