Gregg S. Garfinkel (State Bar No. 156632)
Amy W. Lewis (State Bar No. 158999)
STONE | ROSENBLATT | CHA, PLC
21550 Oxnard Street, Main Plaza – Suite 200
Woodland Hills, California 91367
Tel:   (818) 999-2232
Fax:   (818) 999-2269
Email: ggarfinkel@src.law.com/alewis@srclaw.com

Attorneys for Defendants
**VIP TRANSPORT, INC. and
MAYFLOWER TRANSIT, LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT - SAN JOSE BRANCH

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIP TRANSPORT, INC., a corporation; MAYFLOWER TRANSIT, LLC, a foreign corporation; and DOE ONE through DOE TEN,<br><br>Defendants. | Case No.: C08-01857 JW (PVT)<br><br>Complaint filed: 3/18/08<br>Removed: 4/7/08<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. §1447(c)**<br><br>DATE:   June 30, 2008<br>TIME:   9:00 a.m.<br>CTRM.:  8 |

## 1.   SUMMARY OF ARGUMENT

Despite its best efforts, plaintiff SOMPO JAPAN INSURANCE COMPANY OF AMERICAN ("plaintiff") cannot force a square peg into a round hole. The instant matter was properly removed because: (1) plaintiff's damage claim presents a federal question and is completely preempted under the Carmack Amendment; (2) plaintiff's artful pleading cannot avoid the scope of the Carmack Amendment; (3) none of the authority cited by plaintiff justifies remand and (4) plaintiff's claim for property damage is based on the parties' bill of lading which requires federal interpretation and is thus preempted.

## 2. <u>REMOVAL IS PROPER</u>

Jurisdiction in this matter is premised on the removal statute 28 U.S.C. §1441(a), which confers removal jurisdiction on this court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the United States have **original jurisdiction**, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
> (Emphasis added.)

Plaintiff's claim for damages arises under a written agreement which is attached as Exhibit "A" to defendants' motion to dismiss which is pending before this court. The written agreement is a bill of lading between plaintiff and defendants which addresses the **interstate** transportation of the subject shipment between California and Alabama. As explained more fully below, this claim falls within the ambit of the Carmack Amendment to the Interstate Commerce Act. 49 U.S.C. §14706. Thus, this court has original jurisdiction over this matter. 28 U.S.C. §1441.

## 3. <u>THE CARMACK AMENDMENT GOVERNS THIS DISPUTE AND COMPLETELY PREEMPTS PLAINTIFF'S STATE LAW CLAIMS.</u>

State law claims involving conduct occurring before or after the actual interstate transport of the shipper's property are preempted. *Hall v. North American Van Lines, Inc.*, 476 F.3d 683 (9th Cir. 2007); *Pietro Culotta Grapes v. Southern Pacific Transport*, 917 F.Supp. 713 (E.D.Cal. 1996). The inquiry is neither the location of the goods nor the point of purported damage. Instead, the inquiry is whether the goods were involved in interstate transportation. By virtue of the bill of lading which is attached to defendants' motion to dismiss and is signed by the consignor, the shipment which is the subject of this litigation was involved in

interstate transportation at the time the alleged damage occurred. As such, the Carmack Amendment governs, and plaintiff's state law claims are completely preempted.

While plaintiff has cited several authorities in support of their position that delivery of the goods was not complete, for the same rationale as outlined by this court in *Pietro Culotta Grapes v. Southern Pacific Transport, supra*, 917 F.Supp. at 715-16, little authority is cited to support the conclusions in these cases. Both the Eastern District and the Ninth Circuit have more recently addressed the issue which prompts plaintiff's motion to remand, and held that the preemptive effect of the Carmack Amendment extends to all aspects of the shipping contract, including events that occurred prior to shipment and subsequent to delivery. *Id.* at 716. *See also, Hall v. North American Van Lines, Inc., supra*, 476 F.3d at 689.

In the *Pietro Culotta Grapes* case, the court found that the untimely delivery and damage of the produce which prompted claims for breach of contract, negligence, fraud, negligent misrepresentation and interference with economic advantage were covered by the Carmack Amendment even though the events giving rise to these causes of action occurred before the shipment or after the delivery of the shipment. *Id.* at 716. This court rationalized that to hold otherwise would compromise the "uniformity and certainty of the national scheme" Congress intended in enacting the Carmack Amendment. In referencing *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913), this court held:

> "That the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. To hold that liability therein declared may be increased or diminished by local

STONE | ROSENBLATT | CHA
A PROFESSIONAL LAW CORPORATION
21550 OXNARD STREET, MAIN PLAZA – SUITE 200
WOODLAND HILLS, CALIFORNIA 91367

regulation or local views of public policy will either make the provision less than supreme, or indicate that Congress has not shown a purpose to take possession of the subject. The first would be to revert to the uncertainties and diversities of rulings which led to the amendment. The duty to issue a bill of lading, and the liability thereby assumed are covered in full;" *Id.* at 716.

Plaintiff does not dispute that the bill of lading attached to defendants' motion to dismiss did not cover the subject shipment. Rather, plaintiff attempts to argue that because the bill of lading was not attached to plaintiff's complaint, that same should not be considered by this court. Simply, plaintiff intended to engage and did engage defendants to perform **interstate** transportation services. A bill of lading was issued by defendants to confirm the **interstate** transportation services, and the consignor signed the bill of lading on behalf of plaintiff evidencing that the shipment was "attempted." Thus, the Carmack Amendment governs this dispute and compels the preemption of plaintiff's state law claims.

4. **PLAINTIFF CANNOT CIRCUMVENT THE PREEMPTIVE AMBIT OF THE CARMACK AMENDMENT WITH ARTFUL PLEADING.**

Even though a federal question is not presented on the face of plaintiff's complaint and the Carmack Amendment issue appears only as a defense in this matter, removal of this matter is still appropriate pursuant to the artful pleading doctrine and the authority of *Hall v. North American Van Lines, Inc., supra*, 476 F.3d at 687-688.

In *Hall*, the Ninth Circuit held that there are a "handful of 'extraordinary' situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes. (citations omitted)." *Id.* at 687. Further, the Ninth Circuit found that under the "artful pleading" doctrine, "a well-pleaded state law claim presents a federal question when a federal statute has

completed preempted that particular area of law." *Id.* at 687. In *Hall*, the Ninth Circuit held that even though a federal claim was absent on the face of plaintiff's complaint, because her claim involved a shipment of goods in interstate transportation, similar to the instant case, the Carmack Amendment governed, and her state-law claims were completely preempted. *Id.* at 687-688.

      Plaintiff has cast its complaint as an attempt to circumvent the preemptive effect of the Carmack Amendment and the remedy provisions provided therein and to plead state law claims for damages. However, not only has Congress displaced state law, but it has conferred plaintiff with a federal remedy for its damages by virtue of 49 U.S.C. §14706(a)(1). The "artful pleading" doctrine should be accordingly applied to re-characterize plaintiff's state law claim as a federal claim governed by the Carmack Amendment, justifying dismissal of the preempted state law claim.

## 5. PLAINTIFF'S PROPERTY DAMAGE CLAIM REQUIRES INTERPRETATION OF FEDERAL LAW.

      Federal question jurisdiction exists when plaintiff has alleged a "state cause of action that requires resolution of a substantial issue of federal law." *Franchise Tax Bd. v Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). In the case at bar, Plaintiff has pled a cause of action that will require interpretation of federal law; specifically, damage to property which is the subject of a written agreement to transport the property between states. Plaintiff must rely upon the bill of lading, which is governed by federal statutes, whose interpretation must be determined to resolve plaintiff's alleged claim. Plaintiff must necessarily rely upon federal law for its remedy within the meaning of *Garrett v. Time-D.C.*, 502 F.2d 629 (9th Cir. 1974). Therefore, resolution of plaintiff's case necessarily involves the interpretation and application of the bill of lading, which is governed by the Carmack Amendment, a federal law; thereby establishing federal jurisdiction.

///

## 6. CONCLUSION

The face of plaintiff's complaint asserts more than $200,000 in damages based on a written agreement to transport property between California and Alabama. Based on the authority cited herein, this court's original jurisdiction over this matter is clear, and plaintiff's motion to remand should respectfully be denied.

DATED: June 9, 2008

STONE | ROSENBLATT | CHA
**A Professional Law Corporation**

By: *Amy W. Lewis*
GREGG S. GARFINKEL
AMY W. LEWIS
Attorneys for Defendants
VIP TRANSPORT, INC. and
MAYFLOWER TRANSIT, LLC

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
*Sompo Japan Insurance Company of America v. VIP Transport, Inc., et al*

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 21550 Oxnard Street, Main Plaza, Suite 200, Woodland Hills, California.

On 9th, Jun-08, I served the foregoing document described as:

- OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

[ ]   (BY MAIL) I am familiar with the ordinary business practice of the law firm of Stone, Rosenblatt & Cha for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as indicated above.

[ ]   (BY E-MAIL) I caused such document to be e-mailed to the addressee.

[X]   (BY FACSIMILE TRANSMISSION) I caused such document to be faxed to the addressee.

[ ]   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[X]   (BY EXPRESS MAIL, CCP 1013(c,d) I caused such envelope with postage thereon fully prepaid to be placed in the box regularly maintained by the express service carrier, Federal Express, at 21550 Oxnard Street, Suite 200, Woodland Hills, California, copies of the routing slips attached hereto.

[X]   Executed on 9th, Jun-08 at Woodland Hills, California.

[X]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Judith Nourse

DEF 21538

**SERVICE LIST**

Michael J. Cummins, Esq.
Joshua A. Southwick, Esq.
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, CA 94105
Tel.   (415) 348-6000
Fax    (415) 348-6001

DEF 21539