Gregg S. Garfinkel (State Bar No. 156632)
Amy W. Lewis (State Bar No. 158999)
STONE | ROSENBLATT | CHA, PLC
21550 Oxnard Street, Main Plaza – Suite 200
Woodland Hills, California 91367
Tel:  (818) 999-2232
Fax:  (818) 999-2269
Email: ggarfinkel@src.law.com/alewis@srclaw.com

Attorneys for Defendants
**VIP TRANSPORT, INC. and
MAYFLOWER TRANSIT, LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT - SAN JOSE BRANCH

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIP TRANSPORT, INC., a corporation; MAYFLOWER TRANSIT, LLC, a foreign corporation; and DOE ONE through DOE TEN,<br><br>Defendants. | Case No.: C08-01857 JW (PVT)<br><br>Complaint filed: 3/18/08<br>Removed: 4/7/08<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) OF FEDERAL RULES OF CIVIL PROCEDURE**<br><br>[49 U.S.C. §§14706 and 13907(a)]<br><br>DATE:  June 30, 2008<br>TIME:  9:00 a.m.<br>CTRM.: 8 |

## 1. INTRODUCTION

Plaintiff's opposition to Defendants' Motion to Dismiss the Complaint is fatally flawed. Plaintiff tries to circumvent the preemptive ambit of the Carmack Amendment by arguing in its Opposition that defendants cannot sufficiently plead facts regarding a pivotal element of plaintiff's claim -- "delivery" of the cargo to defendants. Notwithstanding plaintiff's attempts to characterize the shipment as not delivered and therefore not subject to the Carmack Amendment, this court, and the Ninth Circuit have both recently addressed this issue and found that the Carmack

1

Amendment governs any interstate contract claims, including claims alleging conduct which occurs before the actual transport.

Furthermore, plaintiff's arguments that the court cannot consider extrinsic evidence is without legal support. It is well settled that plaintiff cannot save its state law claims from preemption under the Carmack Amendment by its artful pleading. Simply, plaintiff intended to engage and did engage defendants to perform **interstate** transportation services. In short, plaintiff's state law claims are preempted under the Carmack Amendment; and plaintiff failed to state a claim for damages under the Carmack Amendment. Accordingly, the Court should grant Defendants' Motion to Dismiss.

## 2. THE CARMACK AMENDMENT GOVERNS THIS DISPUTE AND COMPLETELY PREEMPTS ALL STATE LAW CLAIMS

State law claims involving conduct occurring before of after the actual interstate transport of the shipper's property are preempted. *Hall v. North American Van Lines, Inc.*, 476 F.3d 683 (9th Cir. 2007); *Pietro Culotta Grapes v. Southern Pacific Transport*, 917 F.Supp. 713 (E.D. Cal. 1996). The inquiry is neither the location of the goods nor the point of purported damage. Instead, the inquiry is whether the goods were involved in interstate transportation. By virtue of the bill of lading which is attached to the moving papers and is signed by the consignor, the shipment which is the subject of this litigation was involved in interstate transportation at the time the alleged damage occurred. As such, the Carmack Amendment governs, and plaintiff's state law claims are completely preempted.

While plaintiff has cited several authorities in support of their position that delivery of the goods was not complete, for the same rationale as outlined by this court in *Pietro Culotta Grapes v. Southern Pacific Transport, supra,* 917 F.Supp. at 715-16, little authority is cited to support the conclusions in the cases cited by plaintiff. Both the Eastern District and the Ninth Circuit have more recently addressed the issue which prompts plaintiff's opposition, and held that the

preemptive effect of the Carmack Amendment extends to all aspects of the shipping contract, including events that occurred prior to shipment and subsequent to delivery. *Id.* at 716. *See also, Hall v. North American Van Lines, Inc., supra,* 476 F.3d at 689.

In the *Pietro Culotta Grapes* case, the court found that the untimely delivery and damage of the produce which prompted claims for breach of contract, negligence, fraud, negligent misrepresentation and interference with economic advantage were covered by the Carmack Amendment even though the events giving rise to these causes of action occurred before the shipment or after the delivery of the shipment. *Id.* at 716. The court rationalized that to hold otherwise would compromise the "uniformity and certainty of the national scheme" Congress intended in enacting the Carmack Amendment. In referencing *Adams Express Co. v. Croninger,* 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913), this court held:

> "that the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulations, or contract. To hold that liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme, or indicate that Congress ahs not shown a purpose to take possession of the subject. The first would be to revert to the uncertainties and diversities of rulings which led to the amendment. The duty to issue a bill of lading, and the liability thereby assumed are covered in full;" *Id.* at 716.

Plaintiff does not dispute that the bill of lading attached to defendants'

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

moving papers was intended to cover the subject shipment. Rather, plaintiff attempts to argue that because the bill of lading was not attached to plaintiff's complaint, that same should not be considered by this court. Simply, plaintiff intended to engage and did engage defendants to perform **interstate** transportation services. A bill of lading was issued by defendants to confirm the **interstate** transportation services, and the consignor signed the bill of lading on behalf of plaintiff evidencing that the shipment was "attempted." Thus, the Carmack Amendment governs this dispute and compels the preemption of plaintiff's state law claims.

3. **PLAINTIFF CANNOT CIRCUMVENT THE PREEMPTIVE AMBIT OF THE CARMACK AMENDMENT WITH ARTFUL PLEADING.**

Even though a federal question is not presented on the face of plaintiff's complaint and the Carmack Amendment issue appears only as a defense in this matter, removal of this matter is still appropriate pursuant to the artful pleading doctrine and the authority of *Hall v. North American Van Lines, Inc., supra*, 476 F.3d at 687-88.

In *Hall*, the Ninth Circuit held that there are a "handful of 'extraordinary' situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes. (citations omitted.)" *Id*. at 687. Further, the Ninth Circuit found that under the "artful pleading" doctrine, "a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." *Id*. at 687. The Ninth Circuit held that even though a federal claim was absent on the face of plaintiff's complaint, because her claim involved a shipment of goods in interstate transportation, similar to the instant case, the Carmack Amendment governed, and her state-law claims were completely preempted. *Id*. at 687-88.

Plaintiff has cast its complaint as an attempt to circumvent the preemptive effect of the Carmack Amendment and the remedy provisions provided therein and

to plead state law claims for damages. However, not only has Congress displaced state law, but it has conferred plaintiff with a federal remedy for its damages by virtue of 49 U.S.C. §14706(a)(1). The "artful pleading" doctrine should be accordingly applied to re-characterized plaintiff's state law claims as federal claims governed by the Carmack Amendment, justifying dismissal of the preempted state law claims.

### 4. CONCLUSION

This Court should respectfully dismiss, with prejudice, Plaintiff's entire action, under Rule 12(b)(6) of the Federal Rules of Civil Procedure and under the Carmack Amendment.

DATED: June 16, 2008

STONE | ROSENBLATT | CHA
**A Professional Law Corporation**

By: /s/ Amy W. Lewis
GREGG S. GARFINKEL
AMY W. LEWIS
Attorneys for Defendants
VIP TRANSPORT, INC. and
MAYFLOWER TRANSIT, LLC

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
*Sompo Japan Insurance Company of America v. VIP Transport, Inc., et al*

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 21550 Oxnard Street, Main Plaza, Suite 200, Woodland Hills, California.

On __16__, Jun-08, I served the foregoing document described as:

- Reply Brief in Support of Motion to Dismiss Complaint and [Proposed] Order

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

[ ]   (BY MAIL) I am familiar with the ordinary business practice of the law firm of Stone, Rosenblatt & Cha for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as indicated above.

[ ]   (BY E-MAIL) I caused such document to be e-mailed to the addressee.

[X]   (BY FACSIMILE TRANSMISSION) I caused such document to be faxed to the addressee.

[ ]   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[X]   (BY EXPRESS MAIL, CCP 1013(c,d) I caused such envelope with postage thereon fully prepaid to be placed in the box regularly maintained by the express service carrier, Overnight Express, at 21550 Oxnard Street, Suite 200, Woodland Hills, California, copies of the routing slips attached hereto.

[X]   Executed on __16__, Jun-08 at Woodland Hills, California.

[X]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Judith Nourse

**SERVICE LIST**

Michael J. Cummins, Esq.
Joshua A. Southwick, Esq.
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, CA 94105
Tel.   (415) 348-6000
Fax   (415) 348-6001

1  Gregg S. Garfinkel (State Bar No. 156632)
   Amy W. Lewis (State Bar No. 158999)
2  STONE | ROSENBLATT | CHA, PLC
   21550 Oxnard Street, Main Plaza – Suite 200
3  Woodland Hills, California 91367
   Tel: (818) 999-2232
4  Fax: (818) 999-2269
   Email: ggarfinkel@src.law.com/alewis@srclaw.com
5
6  Attorneys for Defendants
   **VIP TRANSPORT, INC. and**
7  **MAYFLOWER TRANSIT, LLC**

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT - SAN JOSE BRANCH

10

11 SOMPO JAPAN INSURANCE          Case No.: C08-01857 JW (PVT)
   COMPANY OF AMERICA, a
12 corporation,                   Complaint filed: 3/18/08
                                  Removed: 4/7/08
13              Plaintiff,
                                  **[PROPOSED] ORDER GRANTING**
14      v.                        **MOTION TO DISMISS**
                                  **COMPLAINT UNDER RULE**
15 VIP TRANSPORT, INC., a corporation; **12(b)(6) OF FEDERAL RULES OF**
   MAYFLOWER TRANSIT, LLC, a      **CIVIL PROCEDURE**
16 foreign corporation; and DOE ONE
   through DOE TEN,               [49 U.S.C. §§14706 and 13907(a)]
17
                Defendants.       DATE: June 30, 2008
18                                TIME: 9:00 a.m.
                                  CTRM: 8
19

20

21 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

22      **PLEASE TAKE NOTICE** that on June 30, 2008, at 9:00a.m., in Courtroom

23 8, of the United States District Court, Northern District, located at 280 South 1st

24 Street in San Jose, California, defendants, VIP TRANSPORT, INC. and

25 MAYFLOWER TRANSIT, LLC's Motion to Dismiss Complaint under Rule

26 12(b)6 of the Federal Rules of Civil Procedure, came before this Court for hearing.

27      After considering the moving papers, all other matters presented to the Court,

28 and applicable law, the Court finds:

1  That the claim alleged by Plaintiff SOMPO JAPAN INSURANCE
2  COMPANY OF AMERICA ("SJIC") in its Complaint is completely preempted by
3  the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. §14706) and
4  does not state a claim for which relief may be granted.
5  IT IS SO ORDERED AND ADJUDGED that the Complaint of SJIC be
6  dismissed pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil
7  Procedure, as SJIC has asserted no federal claim for which relief may be granted.
8  SJIC has 20 days leave to amend.

Dated: June 30, 2008

_____
Honorable James Ware
United States District Judge