MICHAEL J. CUMMINS (184181)
JOSHUA A. SOUTHWICK (246296)
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, California 94105
Telephone: (415) 348-6000
Facsimile: (415) 348-6001

Attorneys for Plaintiff
SOMPO JAPAN INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIP TRANSPORT, INC., a corporation; MAYFLOWER TRANSIT, LLC, a foreign corporation; and DOE ONE through DOE TEN,<br><br>Defendants. | Case No. C08-01857 JW (PVT)<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)**<br><br>Date: June 30, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Honorable James Ware |

**I.    THE CARMACK AMENDMENT ONLY APPLIES WHERE THE DAMAGE TO THE PROPERTY OCCURS AFTER DELIVERY OF THE PROPERTY TO THE CARRIER.**

Defendants do not dispute that the threshold requirement for application of the Carmack Amendment involves delivery of the property to the carrier. Nor do they cite any authority which holds, states or even implies that the Carmack Amendment governs where the damage to the property occurs prior to delivery. Defendants fail to do so, as courts addressing this issue universally hold that the Carmack Amendment only applies if the damage to the property occurs after delivery to the carrier. *See Republic Arloading and Distributing Co. v. Pacific Railroad Co.*, 302 F.2d 381, 385 - 386 (8th Cir. 1962); *Conair Corp. v. Old Dominion Freight Line, Inc.*,

1   22 F.3d 529 (3rd Cir. 1994); *Illinois Central Railroad v. Moore*, 228 F.2d 873, 877 (6th Cir.
2   1956); *Cain-Sloan Co. v. Louisville & N.R. Co.*, 221 Tenn. 70, 89, 424 S.W.2d 787, 795
3   (Supreme Ct. Tenn. 1968); *Industrial Risk Ins. v. Sup. Ct.*, 746 A.2d 532, 536 - 537 (N.J. App.
4   2000); *see also Beta Spawn, Inc. v. FFE Transportation Services, Inc.*, 250 F.3d 218, 223 (3rd
5   Cir. 2001); *Continental Grain Co. v. Frank Seitzenger Storage*, 837 F.2d 836, 839 (8th Cir.
6   1988); *Nichols v. Mayflower Transit, LLC*, 368 F. Supp. 2d 1104, 1109-1110 (D. Nev. 2003) (all
7   holding that establishment of a Carmack Amendment cause of action requires proof of delivery
8   of the property to the carrier).

9       In an attempt to avoid the threshold delivery requirement for application of the Carmack
10  Amendment, the defendants cite to <u>Pietro Culotta Grapes v. Southern Pacific Trans.</u>, 917 F.Supp.
11  713 (E.D.Cal. 1996) and <u>Hall v. North American Van Lines</u>, 476 F.3d 683 (9th Cir. 2007),
12  asserting that these cases support their claim that the Carmack Amendment applies in this
13  instance. A review of each demonstrates that defendants' reliance is not only misplaced but
14  erroneous, as neither case holds (or even implies) that the Carmack Amendment applies to
15  damages to property that occur prior to delivery. Instead, both involve situations where the
16  damages complained of occurred after delivery of the property to the carrier.

17      In <u>Pietro</u>, the plaintiffs contracted with the defendant railroad for the shipment by rail of
18  48 rail cars of wine grapes and grape juice from Fresno, California to Toronto, Canada. After
19  receiving the goods from the plaintiffs, the railroad subsequently delivered it, albeit late and
20  partially damaged. The plaintiffs filed suit, seeking damages not only for the actual injury to the
21  grapes, but also for loss of use of the grapes, loss of business and related profits and punitive
22  damages. In so doing, the plaintiffs plead a Carmack claim for damage to the grapes and state
23  law claims for breach of contract, negligence, fraud, negligent misrepresentation and interference
24  with economic advantage, all of which flowed from the defendants' actions in allegedly
25  wrongfully inducing plaintiffs to enter into the shipping contract.

26      The defendant rail carrier filed a motion seeking dismissal of the state law claims,
27  asserting that the Carmack Amendment preempted them. Despite admitting the Carmack
28  Amendment governed the shipping contract and their Carmack claim for damage to the grapes,

1  the plaintiffs argued that the Carmack Amendment did not preempt their state law claims,

2  asserting that such claims were based on the defendants' pre-shipment conduct, and not on

3  defendants actions in shipping and delivering the grapes.  Because the Carmack Amendment

4  applied, the court rejected the plaintiffs' argument and dismissed all of the claims, except for the

5  plaintiffs' claim under the Carmack Amendment.

6         In <u>Hall</u>, the plaintiff contracted with defendant to ship her household goods from San

7  Francisco to Montana.  After the defendant picked up the goods from her house, the plaintiff then

8  left for Montana.  When her goods did not arrive several weeks later, she contacted the defendant

9  to inquire as to their status, at which point the defendant informed her that they would not

10 complete delivery until she paid them approximately $3,000 more than the amount originally

11 agreed to for the move.  After paying this additional amount, the carrier then demanded further

12 monies to release the goods.  The plaintiff subsequently paid the defendant and received her

13 goods from the carrier undamaged.

14        The plaintiff then filed suit, alleging causes of action for conversion, fraud and breach of

15 contract.  In response to the defendants' motion to dismiss based on Carmack Amendment

16 preemption, the plaintiff asserted that preemption did not apply because the damages complained

17 of arose from the carrier's refusal to deliver her property, as opposed to loss or damage to same.

18 The court rejected this argument, finding the Carmack Amendment applied, as the undisputed

19 facts showed that the damages complained of occurred after delivery of the goods to the carrier.

20        In summary, establishing application of the Carmack Amendment requires first proving

21 the threshold requirement of delivery of the property to the carrier.  If the damage occurs prior to

22 delivery, the Carmack Amendment, as a matter of law, does not apply.

23 **II.  BECAUSE DEFENDANTS DID NOT PROVE THE DAMAGE OCCURRED
24     AFTER DELIVERY OF THE SHIPMENT TO THEIR DRIVER AND BECAUSE
    SOMPO'S COMPLAINT CONTAINS NO ALLEGATIONS SUPPORTING SUCH
    A FINDING, THE CARMACK AMENDMENT DOES NOT APPLY AS A
25     MATTER OF LAW.**

26        The issue of delivery involves a factual determination.  As consistently held by the courts,

27 delivery occurs when the property is released to the carrier and there remains no further acts to be

28 performed by the shipper/consignor with respect to it.  *Conair*, 22 F.3d at 532; *Republic*

1  *Arloading*, 302 F.2d at 385; *Industrial Risk Ins.*; 746 A.2d at 536 - 537; *Hohenberg Bros. Co. v.*
2  *Missouri P. R. Co.*, 586 S.W.2d 117, 121 (Tenn. Ct. App. 1979).  Here, Sompo's complaint
3  contains no allegations stating or showing delivery occurred.  Sompo purposefully did not
4  include such allegations because the undisputed facts will show the damage to the property
5  occurred prior to it being delivered to the defendants' driver.  Specifically because of this fact,
6  Sompo pursues only a negligence action against defendants.
7        In their opposition, defendants do not assert the damage occurred after delivery of the
8  property to its driver.  Nor do they even address this issue.  Defendants instead simply argue that
9  the Carmack Amendment applies by sole reliance on the bill of lading attached to the declaration
10 submitted by defendants in support of their removal action, which declaration Sompo objects to
11 in its entirety as being inadmissible. [1]
12       Even if the Court considers the bill of lading in ruling on the motion, the result requiring
13 remand remains unchanged, as the bill of lading, by itself, falls woefully short of proving the
14 damage to the shipment occurred after delivery.  As demonstrated above, to prove delivery
15 occurred, defendants must establish that the property was released to the carrier and there
16 remained no further acts to be performed by the shipper.  Defendants not only did not sustain this
17 burden, but, tellingly, failed to even assert that someone from NET executed the bill of lading
18 prior to the property being damaged, which fact they must establish in the first instance, as
19 execution of the bill of lading after the damage occurred renders the bill of lading irrelevant to
20 the delivery issue.
21       Further, the evidence will show that the defendants' driver took the shipment prior to it
22 being released.  It will further show that given the sensitive and delicate nature of Hitachi's
23 equipment, NET does not ever permit drivers to load the equipment, but instead always loads the
24 equipment itself, so as to minimize the risk of damage.  It will further show that any notations
25 NET made on any shipping document(s) produced by defendants, which would include the
26 alleged bill of lading, occurred <u>after</u> the defendants' driver took the shipment and damaged it.
27
28     [1]    As stated in plaintiff's moving memorandum, the entire declaration, which necessarily includes the bill of lading, is inadmissible because the declarant possesses no personal knowledge about the shipment, the loss or the execution of the bill of lading.

Because defendants did not prove delivery occurred and because Sompo's complaint contains no allegations supporting a finding that the damage occurred after delivery of the property to defendants' driver, defendants' attempt to seek refuge under the Carmack Amendment fails as a matter of law.  As the Carmack Amendment does not apply, this Court lacks subject matter jurisdiction, thus requiring remand of the entire action.

### III. GRANTING REMAND FOSTERS JUDICIAL ECONOMY AND AVOIDS THE NEEDLESS WASTE OF JUDICIAL RESOURCES.

In addition to ignoring the delivery requirement, the defendants also ignore the effects of this Court retaining the case, as opposed to granting remand.  Should the Court retain the case, a subsequent finding that delivery did not occur would necessarily deprive this Court of jurisdiction, and thus require remand back to State Court. *See Harris v. Provident Life & Acc. Ins. Co.*, 26 F3d 930, 934 (9th Cir. 1994) ("district court has no discretion to retain state law claims when the sole federal claim is dismissed for lack of jurisdiction"].  Such a result, necessarily delays resolution of the action, causes the needless waste of judicial resources and increases the costs to the parties.  Remanding to State Court now avoids these problems and fosters judicial economy, for it ensures one court will hear and decide all issues involving this case, be it determined to involve state or federal law.

### IV. CONCLUSION.

For the foregoing reasons, Sompo respectfully requests that the Court grant its motion and remand this matter back to State Court.

Dated: June 16, 2008                             Respectfully submitted,

By: /S/ MICHAEL J. CUMMINS
Michael J. Cummins
Attorneys for Plaintiff
SOMPO JAPAN INSURANCE
COMPANY OF AMERICA