IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sompo Japan Insurance Co. of America, Inc., | NO. C 08-01857 JW |
| Plaintiff, v. | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| VIP Transport, Inc., et al., | |
| Defendants. | |

## I. INTRODUCTION

Sompo Japan Insurance Company of America, Inc. ("Plaintiff") brings this action in state court against VIP Transport, Inc. and Mayflower Transit, LLC (collectively, "Defendants"), alleging negligent damage to property. Defendants removed the action to federal court alleging preemption under the Interstate Commerce Act ("ICA"), 49 U.S.C. § 14706.

Presently before the Court are Plaintiff's Motion to Remand (hereafter, "Motion to Remand," Docket Item No. 6) and Defendants' Motion to Dismiss (hereafter, "Motion to Dismiss," Docket Item No. 4). The Court found it appropriate to take the motions under submission without oral argument. See Civ. L. R. 7-1(b). Based on the papers submitted to date, the Court DENIES Plaintiff's Motion to Remand and GRANTS Defendants' Motion to Dismiss with leave to amend.

## II. BACKGROUND

In a Complaint filed on March 18, 2008, Plaintiff alleges as follows:

Plaintiff is the insurer of an electron microscope owned by Hitachi High Technologies of America. (Complaint ¶¶ 4, 6, Docket Item No. 1.) On July 17, 2006,

Defendants negligently damaged the electron microscope. (Id. ¶ 4.) The damage occurred at a warehouse belonging to non-party National Electronic Transport, Inc. ("NET") in Milpitas, California. (Id.) The negligent actions include picking up, handling, and dropping the microscope. (Id.) As a result of Defendants' negligent actions, the microscope was completely destroyed causing Plaintiff to suffer a loss of $248,148. (Id. ¶ 7.) Plaintiff made a demand upon Defendants but no payment has yet been paid. (Id.)

On the basis of the allegations outlined above, Plaintiff alleges a single cause of action for negligence. The Complaint was initially filed in Santa Clara County Superior Court. On April 7, 2008, Defendants timely removed the case to the Northern District of California, alleging federal question jurisdiction under the ICA, 49 U.S.C. § 14706. (Notice of Removal, Docket Item No. 1.)

Presently before the Court are Plaintiff's Motion to Remand and Defendants' Motion to Dismiss.

### III. STANDARDS

**A.  Motion to Remand**

If, prior to final judgment, the district court discovers its lack of subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c). If the basis for jurisdiction is diversity, it must exist both at the time the action was commenced in state court and at the time of removal. Strotek Corp. v. Air Transp. Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002). The defendant seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction. Quinones v. Target Stores, 2005 U.S. Dist. LEXIS 31915 (N.D. Cal. 2005). Removal statutes are construed restrictively. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). Doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**B.  Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant.

2

Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV.  DISCUSSION

**A.   Plaintiff's Motion to Remand**

Plaintiff moves to remand on the ground that the ICA does not apply because the goods had not yet been delivered to Defendants for shipment. (Motion to Remand at 6.)

Under the Carmack Amendment to the ICA, a carrier may be held liable for goods lost or damaged during interstate transit.[1] 49 U.S.C. § 14706. A plaintiff may sue under § 14706 in either state or federal court; however, district courts have original jurisdiction only if the amount in

---

[1] Section 14706 is known as the "Carmack Amendment." See Adams Express Co. v. Croninger, 226 U.S. 491 (1913). The Carmack Amendment was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887. In enacting it, Congress intended to provide interstate carriers with reasonable certainty and uniformity in predicting their potential liability. The Carmack Amendment did this both by establishing a single uniform regime for recovery by shippers directly from the interstate common carrier in whose care their items are damaged, and by preempting the shipper's state and common law claims against a carrier for loss or damage to goods during shipment. See generally Project Hope v. M/V IBN SINA, 250 F.3d 67, 73 n.6 (2nd Cir. 2001).

The reach of § 14706 is defined by reference to the jurisdiction of the Surface Transportation Board. 49 U.S.C. § 14706(a)(1). The Surface Transportation Board has jurisdiction over goods transported between "a place in a State and a place in another State" or between "a State and another place in the same State through another State." 49 U.S.C. § 13501(1)(A), (B).

1 controversy exceeds $10,000.  28 U.S.C. § 1337(a).  "To establish a prima facie case of liability
2 under the [Carmack Amendment], a shipper must prove the following three elements: (1) delivery of
3 the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their
4 final destination, and (3) the amount of damages."  Conair Corp. v. Old Dominion Freight Line, Inc.,
5 22 F.3d 529, 531 (3d Cir. 1994).

6       For a carrier to become liable for the goods, "the shipper must have delivered the freight into
7 its possession, the delivery must be for immediate transportation, and the shipper must give the
8 carrier appropriate shipping instructions."  Republic Carloading & Distributing Co. v. Missouri Pac.
9 Ry. Co., 302 F.2d 381, 385 (8th Cir. 1962) (citing Missouri Pac. Ry. v. McFadden, 154 U.S. 155,
10 160-161 (1894)).  If a shipper requests that his goods be stored until further instruction, liability
11 under the Carmack Amendment does not attach until such further instruction is provided.  See Nat'l
12 Union Fire Ins. Co. v. Atl. & E.C. Ry., 193 F.2d 943, 944 (4th Cir. 1952) (citations omitted).  If
13 instructions have been provided and the goods loaded onto the carrier's vehicle, delivery is
14 consummated even if the carrier has not commenced transportation.  See Conair, 22 F.3d at 532.
15 Goods that are in the process of being loaded may be considered "delivered" if the carrier was
16 responsible for loading.  See Republic Carloading, 302 F.2d at 386.

17       In this case, Defendants contend that the microscope was allegedly damaged while being
18 loaded onto a truck by Defendants' employee for transportation to Tuscaloosa, Alabama.  (Notice of
19 Removal at 5, Declaration of Mindy Sanhamel).  Plaintiff concedes that the microscope was
20 damaged while being loaded.  (Motion to Remand at 6.)  Plaintiff does not deny that Defendants
21 were responsible for loading the microscope.  However, Plaintiff contends that microscope had not
22 been delivered because Defendants had attempted to take it from NET's warehouse prior to
23 receiving a release from NET.  (Motion to Remand at 6.)  Plaintiff offers no evidence to support this
24 contention.  To the contrary, the Bill of Lading shows that the microscope had been signed over to
25 Defendants' employee for transportation.  (Notice of Removal, Ex. B.)  Further, Plaintiff does not
26 allege that Defendants required any further instruction to load the microscope and begin transport.

27
28

4

The Court finds that delivery had occurred because the goods were ready for immediate shipment, the carrier was not awaiting further instruction from the shipper, and the Bill of Lading had been signed which transferred the goods to the carrier for transportation. Thus, Plaintiff's claim is governed by the ICA. Since the amount in controversy is $288,000, the jurisdictional requirements are met and the Court has subject matter jurisdiction over this case.

Accordingly, the Court DENIES Plaintiff's motion for remand.

**B.  Defendants' Motion to Dismiss**

Defendants move to dismiss on the ground that Plaintiff's claim is preempted by the ICA. (Motion to Dismiss at 2.)

Since the Carmack Amendment was established to provide interstate carriers with a uniform national liability policy, it has been held to completely preempt state law negligence claims. See Hughes Aircraft Co. v. N. Am. Van Lines, Inc., 970 F.2d 609, 613 (9th Cir. 1992) (citing New York, New Haven & Hartford RR Co. v. Nothnagle, 346 U.S. 128, 131 (1953)).

Here, since the Court has found that the injury complained of is governed by the ICA, Plaintiff's negligence action is preempted. However, it appears from the facts alleged that Plaintiff can amend its pleading to state a claim under the Carmack Amendment. Accordingly, the Court GRANTS Defendants' motion to dismiss with leave to amend.

### V.  CONCLUSION

The Court DENIES Plaintiff's Motion to Remand and GRANTS Defendants' Motion to Dismiss with leave to amend. Any amended complaint shall be filed on or before **August 25, 2008**.

Dated: July 24, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amy Wintch Lewis alewis@srclaw.com
Gregg S. Garfinkel ggarfinkel@srclaw.com
Joshua A. Southwick jsouthwick@gibsonrobb.com
Michael J. Cummins efiling@gibsonrobb.com

**Dated: July 24, 2008**              **Richard W. Wieking, Clerk**

                                         **By:   /s/ JW Chambers**
                                                 **Elizabeth Garcia**
                                                 **Courtroom Deputy**

**United States District Court**
For the Northern District of California