MICHAEL J. CUMMINS (184181)
JOSHUA A. SOUTHWICK (246296)
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, California 94105
Telephone: (415) 348-6000
Facsimile: (415) 348-6001

Attorneys for Plaintiff
SOMPO JAPAN INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, a corporation,<br><br>     Plaintiff,<br><br>     v.<br><br>VIP TRANSPORT, INC., a corporation; MAYFLOWER TRANSIT, LLC, a foreign corporation; and DOE ONE through DOE TEN,<br><br>     Defendants. | Case No. C08-01857 JW (PVT)<br><br>**REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT THEROF**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  TBD<br><br>Judge: Honorable James Ware |

To the Court and All Parties of Record:

Plaintiff SOMPO JAPAN INSURANCE COMPANY OF AMERICA ("SOMPO") respectfully requests leave to file a motion for reconsideration of this Court's ORDER dated July 24, 2008, which granted defendants' FRCP 12(b)(6) motion to dismiss.

Pursuant to Local Rule 7-9(b)(3), a motion for reconsideration is proper because the Court failed to consider dispositive legal arguments which SOMPO raised in its opposition papers. Specifically, the Court granted defendants' motion on the basis of a declaration and attached document submitted by defendant's office manager, which the Court relied on to make a factual finding that "delivery" occurred to support its holding that the Carmack Amendment

governs plaintiff's claims against defendants. In relying on extrinsic evidence (which was not subject to judicial notice) to support its "delivery" finding, which is a prerequisite to application of the Carmack Amendment, the Court erred because the Court did not treat the motion as a motion for summary judgment, did not provide notice to SOMPO of the Court's intent to rely on extrinsic evidence, and did not provide SOMPO the opportunity to present evidence in opposition to the motion. See Erlich v. Glasner, 374 F.2d 681, 683 (9th Cir. 1967) (reversing and finding the District court erred in granting the 12(b)(6) motion to dismiss because the court relied on extrinsic evidence without treating the motion as one for summary judgment and without providing the plaintiff a reasonable opportunity to present evidence in opposition to the motion, as required under Rule 56).

SOMPO therefore respectfully requests that the Court vacate its ORDER granting the motion to dismiss and deny the motion. In the alternative, SOMPO requests the Court treat defendants' FRCP 12(b)(6) motion as a motion for summary judgment, allow SOMPO to conduct discovery and present evidence in opposition to same, and set a hearing date and briefing schedule.

## I.  PROCEDURAL HISTORY

SOMPO filed suit in the Superior Court of Santa Clara to recover damages arising from defendants' negligent damage to an electron microscope at a warehouse in Milpitas, California. Defendants subsequently removed the matter to this Court, arguing (incorrectly) that SOMPO's complaint should properly be understood as a breach of contract of carriage case subject to the Carmack Amendment. Defendants simultaneously filed a motion to dismiss under FRCP 12(b)(6), and in support of same, submitted an affidavit by defendant VIP Transport's Office Manager, Mindy Sanhamel, containing evidentiary allegations and an attached bill of lading. (See Declaration of Samhamel submitted in support of defendants' motion to dismiss).

In its ORDER dated July 24, 2008, this Court granted defendants' motion to dismiss on the basis that "the injury complained of is governed by the ICA," thereby preempting SOMPO's negligence claim. (See Order at p.5:14). The Court's conclusion that the ICA applied was based on an express factual finding that plaintiff's insured had "delivered" the cargo to defendants: "the

REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
AND MEMORANDUM IN SUPPORT OF SAME
USDC CASE NO. C08-01857 JW (PVT); OUR FILE NO.: 5718.31

- 2 -

1  Court finds that Delivery had occurred because the goods were ready for immediate shipment,
2  the carrier was not awaiting further instructions from the shipper, and the Bill of Lading had been
3  signed which transferred the goods to the carrier." (Id. at p. 5:1 - 4). This factual finding was
4  expressly predicated on the Court's review and citation of the Samhamel Declaration and the bill
5  of lading attached to it. (Id. at p. 4:18-19 and 4:24-25). Prior to making this factual finding, the
6  Court did not provide notice to SOMPO that it intended to consider this extrinsic evidence, did
7  not provide SOMPO with the opportunity or ability to conduct discovery to present evidence to
8  prove delivery did not occur, nor did the Court provide SOMPO with the ability to even provide
9  oral argument as to this issue.

## II.    ARGUMENT

Federal Rule of Civil Procedure 12(d) provides in relevant part that

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. All the parties must be given the reasonable opportunity to present all the material that is pertinent to the motion.
>
> Fed. R. Civ. Proc. 12(d);

As Rule 12(d) provides and as consistently recognized by the 9th Circuit, it constitutes reversible error for a court to rely on extrinsic evidence in granting a 12(b)(6) motion if the court fails to treat the motion as one for summary judgment and fails to provide all parties a reasonable opportunity to present all material facts pertinent to such a motion by Rule 56. Erlich, 374 F.3d at 683; Costen v. Pauline's Sportswear Inc., 391 F.2d 81, 84-5 (9th Cir. 1968).

Here, defendants' moving papers included a declaration with an attached document, which the Court not only failed to exclude from consideration, but which the Court expressly referenced and relied on to support its factual finding that "delivery" occurred. In its opposition papers, SOMPO expressly objected to the declaration and the document:

> SOMPO's complaint pleads no facts supporting a determination that the Carmack Amendment applies. In order to avoid this problem, defendants improperly attempt to support their attack on the complaint by introducing extrinsic evidence in the form of a BILL OF LADING and the DECLARATION OF MINDY SAMHAMEL. The Court cannot consider such documents when

      deciding a motion brought under FRCP 12(b)(6). <u>Arpin</u>, 261 F.3d
      at 925.

(SOMPO's Opposition at p. 4:10 -14).

In addition, SOMPO expressly requested notice and the opportunity to present evidence should the Court elect to consider the Declaration and Bill of Lading, thereby transforming the motion into a motion for summary judgment:

      SOMPO respectively requests this Court provide it with (1) reasonable notice of the election, (2) the opportunity to conduct discovery into the matters set forth in the motion, and (3) the opportunity to introduce extrinsic evidence of its own in support of its opposition.

(SOMPO's Opposition at p. 4:25-28).

Prior to issuing its ORDER, which it did without providing SOMPO an opportunity to provide oral argument, the Court did not give notice to SOMPO that it would consider the declaration and bill of lading attached to same. The Court also did not provide SOMPO with a reasonable opportunity to conduct discovery to present evidence to support its claim that delivery did not occur.[1] Instead, without treating the motion as a motion for summary judgment under Rule 56, the Court, in reliance on the extrinsic evidence submitted by defendants, made a factual finding that "delivery" occurred, which the Court then expressly relied on to grant defendants' 12(b)(6) motion, holding that such delivery established that the Carmack Amendment applied to SOMPO's claims. Under the well-settled law of this Circuit, the Court's ruling constitutes a "manifest failure" to consider material facts or dispositive arguments raised by SOMPO is opposition to the motion to dismiss, and thus should be vacated.

## III. CONCLUSION

SOMPO requests that the Court vacate its ORDER and enter an order denying defendants' motion to dismiss. Alternatively, SOMPO requests that the Court vacate its ORDER, make a formal election to treat the motion as arising under Rule 56, set a briefing

---

[1] Had the Court given SOMPO notice of its election to consider the extrinsic evidence, SOMPO would have submitted admissible evidence demonstration that delivery had not occurred, or at the very least that a genuine issue of material fact existed as to delivery sufficient to survive a Rule 56 motion.

1  schedule, and allow limited discovery into the "delivery" issue for the purposes of the motion.

2      Further, as the Court granted SOMPO leave to amend its complaint on or before August

3  25, 2008 and as SOMPO believes its initial complaint should stand, SOMPO further requests that

4  the Court address this request for leave to file a motion for consideration prior to that date.

5                                Respectfully submitted,

6  Dated: August 1, 2008         GIBSIN ROBB & LINDH LLP

7

8                               By: /S/ JOSHUA A. SOUTHWICK
                                  Joshua A. Southwick

9                                    Attorneys for Plaintiff
                                  SOMPO JAPAN INSURANCE

10                                   COMPANY OF AMERICA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
AND MEMORANDUM IN SUPPORT OF SAME
USDC CASE NO. C08-01857 JW (PVT); OUR FILE NO.: 5718.31

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
AND MEMORANDUM IN SUPPORT OF SAME
USDC CASE NO. C08-01857 JW (PVT); OUR FILE NO.: 5718.31

- 6 -