IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sompo Japan Insurance Co. of America Inc., | NO. C 08-01857 JW |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| VIP Transport, Inc., et al., | |
| Defendants. | |

Sompo Japan Insurance Company of America, Inc. ("Plaintiff") brought this action in state court against VIP Transport, Inc. and Mayflower Transit, LLC (collectively, "Defendants"), alleging negligent damage to property. Defendants removed the action to federal court alleging preemption under the Interstate Commerce Act ("ICA"), 49 U.S.C. § 14706. On July 24, 2008, the Court denied Plaintiff's motion to remand and granted Defendants' motion to dismiss with leave to amend. (See Docket Item No. 13.) Presently before the Court is Plaintiff's motion for leave to file a motion for reconsideration. (hereafter, "Motion," Docket Item No. 14.)

Before a party may file a motion for reconsideration, the party must first obtain leave of the court. Civ. L. R. 7-9(a). In the party's motion for leave to file a motion for reconsideration, the moving party must specifically show the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

      (2)     The emergence of new material facts or a change of law occurring after the time of such order; or

      (3)     A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9(b). However, a motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c).

Plaintiff moves for reconsideration on the ground that the Court erred when it improperly considered extrinsic evidence in granting Defendants' motion to dismiss. (Motion at 2.)

Ordinarily, when evaluating a motion to dismiss under Rule 12(b)(6), the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). However, when a question arises as to the court's subject matter jurisdiction, the court need not presume the truthfulness of the plaintiff's allegations. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). The court may consider affidavits or other evidence submitted by the party bearing the burden of establishing subject matter jurisdiction. Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a removal proceeding, the defendant bears the burden of establishing federal subject matter jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). If there is a dispute in the facts, the court must either conduct an evidentiary hearing or view the facts in the light most favorable to the non-moving party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996).

In this case, Plaintiff contends that the Court improperly considered the Declaration of Mindy Samhamel, Defendants' employee. (Motion at 3.) Samhamel's declaration was attached to Defendants' motion to dismiss. (See Docket Item No. 4.) Defendants' motion to dismiss and its notice of removal were based on the argument that Plaintiff's state law claim was completely preempted by federal law. (See Docket Item Nos. 1, 4.) Similarly, Plaintiff's opposition to Defendants' motion to dismiss and Plaintiff's motion for remand were based on the argument that

2

the claim was not preempted by federal law. (See Docket Item Nos. 6,7.) Plaintiff specifically contended that the lack of preemption defeated the Court's subject matter jurisdiction.[1] Since each party, in essence, raised the issue of the Court's subject matter jurisdiction for consideration, the Court was not bound to accept allegations in the Complaint as true. Defendants were permitted to submit evidence to satisfy their burden of proof that federal subject matter jurisdiction existed. Thus, the Court properly considered Sanhamel's declaration.

Plaintiff further contends that the Court should have treated Defendants' motion to dismiss as a motion for summary judgment, and allowed Plaintiff to present evidence. (Motion at 3.) The Court is only required to conduct an evidentiary hearing if there is a dispute over material facts. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). Neither in its motion for remand, nor in its opposition to Defendants' motion to dismiss did Plaintiff dispute Sanhamel's declaration or otherwise raise an issue regarding whether the microscope was allegedly damaged while being loaded onto a truck by Defendants' employee for transportation to Tuscaloosa, Alabama. Thus, the Court did not err in dismissing the complaint without an evidentiary hearing because no genuine dispute had been raised regarding federal preemption.

Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

Dated: August 12, 2008

*James Ware*
JAMES WARE
United States District Judge

---

[1] In its motion for remand, Plaintiff argued: "As the Carmack Amendment does not govern plaintiff's claims against defendants and as defendants assert no other basis for subject matter jurisdiction, this case should be remanded under 28 U.S.C. §1447(c). (Motion to Remand at 3, Docket Item No. 6.) In its opposition to Defendants' motion to dismiss, Plaintiff argued: "SOMPO's state law claims are not preempted, and the Court should deny defendants' motion to dismiss for failure to state a claim."

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amy Wintch Lewis alewis@srclaw.com
Gregg S. Garfinkel ggarfinkel@srclaw.com
Joshua A. Southwick jsouthwick@gibsonrobb.com
Michael J. Cummins efiling@gibsonrobb.com

**Dated: August 12, 2008**                    **Richard W. Wieking, Clerk**

                                              **By:  /s/ JW Chambers**
                                                    **Elizabeth Garcia**
                                                    **Courtroom Deputy**

**United States District Court**
For the Northern District of California