MICHAEL J. CUMMINS (184181)
JOSHUA A. SOUTHWICK (246296)
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, California  94105
Telephone: (415) 348-6000
Facsimile: (415) 348-6001

Attorneys for Plaintiff
SOMPO JAPAN INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIP TRANSPORT, INC., a corporation; and MAYFLOWER TRANSIT, LLC, a foreign corporation;<br><br>Defendants. | Case No. C08-01857 JW (PVT)<br><br>**FIRST AMENDED COMPLAINT FOR PROPERTY DAMAGE**<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff's complaint follows:

<u>GENERAL ALLEGATIONS</u>

1.  Plaintiff SOMPO JAPAN INSURANCE COMPANY OF AMERICA ("SOMPO"), a corporation, is now and at all times herein material was duly organized and existed by virtue of law.  Plaintiff SOMPO was the insurer of the hereinafter described electron microscope.

2.  Plaintiff is informed and believes and on the basis of that information and belief alleges that VIP TRANSPORT, INC. ("VIP"), a corporation; MAYFLOWER TRANSIT, LLC ("MAYFLOWER"), a foreign corporation, and DOES ONE through TEN, are now and at all times herein material were engaged in business in the county of Santa Clara, California as carriers for hire.

**FIRST CAUSE OF ACTION**
(NEGLIGENCE AND/OR PROPERTY DAMAGE)

3. Plaintiff realleges and incorporates herein with like force and effect as though set forth fully herein each and every allegation of paragraphs 1 and 2 set forth above.

4. Plaintiff is informed and believes and on the basis of such information and belief alleges that on or about July 17, 2006, defendants VIP and MAYFLOWER, and each of them, arrived at National Electronic Transport Inc.'s ("NET") warehouse facility in Milpitas, California for purposes of picking up an electron microscope owned by HITACHI HIGH TECHNOLOGIES OF AMERICA ("HITACHI"). Upon arrival at said warehouse, defendants' driver, despite being told that he would need to wait for the shipment to be released and loaded onto his truck by NET personnel, entered NET's warehouse and attempted to remove the microscope from the warehouse with an NET forklift, all of which he did without authorization, permission or approval from NET or HITACHI. In so doing, the microscope sustained damage when the driver dropped the shipment off of NET's forklift onto the warehouse floor. At the time the microscope sustained damage at NET's warehouse due to the defendants' driver's actions, the microscope had not yet released or delivered to defendants, nor had any NET personnel signed or executed any bill of lading issued by defendants.

5. As a proximate result of the aforesaid negligence and/or intentional acts of defendants, the electron microscope was completely damaged and a total loss.

6. Prior to the damage to the above described property and prior to any loss thereto, plaintiff SOMPO issued its policy of insurance whereby SOMPO agreed to indemnify HITACHI and its assigns against loss of or damage to said property, and plaintiff SOMPO has heretofore become obligated to pay and has paid to HITACHI the sum of $248,148 under said policy on account of the herein described loss.

7. By reason of the defendants' actions, said defendants, and each of them, caused a loss to SOMPO in the sum of at least $248,148, no part of which has been paid despite demand therefor.

///

SECOND CAUSE OF OF ACTION
(BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT)

8. Plaintiff realleges and incorporates herein with like force and effect as though set forth fully herein each and every allegation of paragraphs 1 and 2 set forth above.

9. Plaintiff is informed and believes and on the basis of such information and belief alleges that defendants VIP and MAYFLOWER, and each of them, agreed to pick up an electron microscope owned by HITACHI HIGH TECHNOLOGIES OF AMERICA ("HITACHI") at National Electronic Transport Inc.'s ("NET") warehouse facility in Milpitas, California and transport it to Alabama. Upon arrival at NET's warehouse facility on or about July 17, 2006 to pick up the microscope, defendants' driver, despite being told that he would need to wait for the microscope to be released and loaded onto his truck by NET personnel, entered NET's warehouse and attempted to remove the microscope from the warehouse with an NET forklift, all of which he did without authorization, permission or approval from NET or HITACHI. In so doing, the microscope sustained damage when the driver dropped the microscope off of NET's forklift onto the warehouse floor.

10. In the event the damage to the microscope is deemed to have occurred after the shipment was delivered to defendants, defendants, and each of them, breached their duties under law and/or the Carmack Amendment and/or their contract, as said shipment was in good order and condition when the defendants took possession of the shipment at NET's warehouse and said shipment was subsequently damaged by defendants while in their possession.

11. As a proximate result of the defendants' actions, the electron microscope was completely damaged and a total loss.

12. Prior to the damage to the above described property and prior to any loss thereto, plaintiff SOMPO issued its policy of insurance whereby SOMPO agreed to indemnify HITACHI and its assigns against loss of or damage to said property, and plaintiff SOMPO has heretofore become obligated to pay and has paid to HITACHI the sum of $248,148 under said policy on account of the herein described loss.

///

1    13.    By reason of the defendants' actions, said defendants, and each of them, caused a loss to SOMPO in the sum of at least $248,148, no part of which has been paid despite demand therefor.

WHEREFORE, plaintiff prays that this Court enter judgment in their favor and against defendants; that this Court decree payment by defendants to plaintiff in the amount of $248,148, together with prejudgment interest thereon and costs of suit herein; and that plaintiff have such other and further relief as in law and justice they may be entitled to receive.

                          Respectfully submitted,

Dated: August 20, 2008        GIBSON ROBB & LINDH LLP

                         By: /S/ MICHAEL J. CUMMINS
                             Michael J. Cummins
                             Attorneys for Plaintiff
                             SOMPO JAPAN INSURANCE
                             COMPANY OF AMERICA