IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sompo Japan Insurance Co. of America,<br><br>      Plaintiff,<br>  v.<br><br>VIP Transport, Inc., et al.,<br><br>      Defendants.<br>_____/ | NO. C 08-01857 JW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW FIRST AMENDED COMPLAINT; DISMISSING ACTION PURSUANT TO FED. R. CIV. P. 41(b)** |

      Presently before the Court is Sompo Japan Insurance Company's ("Plaintiff") Motion to Withdraw its First Amended Complaint.[1] (hereafter, "Motion," Docket Item No. 18.) Plaintiff requests that the Court allow it to withdraw its First Amended Complaint and enter a final judgment for appeal purposes in light of the Court's July 24, 2008 Oder.[2] (Motion at 2.)

      On July 24, 2008, the Court dismissed Plaintiff's Complaint, which alleged negligent damage to property, on the ground that Plaintiff's negligence claim was preempted by the Carmack Amendment to the Interstate Commerce Act, codified at 42 U.S.C. § 14706. (Dismissal Order at 5.) In dismissing Plaintiff's original Complaint, the Court granted Plaintiff leave to amend. (Id.) Plaintiff moved for leave to file a motion for reconsideration. (See Docket Item No. 14.) The Court denied that motion. (See Docket Item No. 15.) In accordance with the deadline for filing an

---

[1] To date, Defendants have yet to file any opposition to this motion.

[2] (Order Denying Plaintiff's Motion to Remand; Granting Defendants' Motion to Dismiss With Leave to Amend, hereafter, "Dismissal Order," Docket Item No. 13.)

amended complaint, Plaintiff filed its First Amended Complaint on August 20, 2008.  (See Docket Item No. 16.)

Plaintiff contends that the Court's July 24 Order precludes it from pursuing a negligence claim.  (Motion at 1.)  Rather than pursue a claim under the Carmack Amendment alone, Plaintiff requests a final judgment in order to seek appellate review of the Court's July 24 Order.

"[A] plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint."  WMX Techs. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).  A plaintiff must obtain a final order of dismissal in order for the appellate court to have jurisdiction.  Id.

The Court GRANT Plaintiff's Motion to Withdraw its First Amended Complaint.  For the purposes of entering a final judgment, the Court treats Plaintiff's withdrawal as a failure to prosecute its Carmack claim.  Thus, in light of Plaintiff's election to not pursue its claim under the Carmack Amendment, the Court finds it appropriate to dismiss the entire action with prejudice pursuant to Fed. R. Civ. P. 41(b).  Final Judgment will be entered accordingly.

Dated:  October 16, 2008

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amy Wintch Lewis alewis@srclaw.com
Gregg S. Garfinkel ggarfinkel@srclaw.com
Joshua A. Southwick jsouthwick@gibsonrobb.com
Michael J. Cummins efiling@gibsonrobb.com

**Dated:  October 16, 2008**                                   **Richard W. Wieking, Clerk**

                                                               **By:      /s/ JW Chambers**
                                                                       **Elizabeth Garcia**
                                                                       **Courtroom Deputy**